STATE OF NEBRASKA, APPELLEE, V.
SUSAN DAILEY, APPELLANT.
639 N.W.2d 141

Filed January 22, 2002.   No. A-01-179.

Larry L. Brauer for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HANNON, SIEVERS, and MOORE, Judges.

SIEVERS, Judge.

Susan Dailey appeals the Seward County District Court's denial of her motion for absolute discharge of the felony charges against her, alleging that her right to a speedy trial under Neb. Rev. Stat. § 29-1207 (Reissue 1995) was violated. We examine whether the trial court correctly calculated the number of days properly excluded under § 29-1207(4), addressing the unique matter of an "indefinite continuance."

## PROCEDURAL BACKGROUND

Dailey was charged with two counts of knowing and intentional abuse of a vulnerable adult under Neb. Rev. Stat. § 28-386 (Cum. Supp. 2000), a Class IIIA felony, in an information filed in the Seward County District Court on June 17, 1999. Most of the procedural background which we recite and upon which we ultimately rely comes from the court trial docket, in evidence as exhibit 1.

On August 2, 1999, Dailey filed a motion for discovery, and the State filed a motion for reciprocal discovery. Both motions were heard and granted on September 7. On December 23, the court scheduled a pretrial conference for January 4, 2000. At that pretrial conference, the State filed a motion for joint trial of Dailey and her husband on the ground that the Daileys participated in the same act or transaction constituting an offense. The State also filed a motion for reciprocal discovery and a pretrial status report. The trial court continued the pretrial conference until January 10.

At the continued pretrial conference held January 10, 2000, Dailey's attorney filed a motion to withdraw, and the court granted the motion, directing Dailey to file an application for appointed counsel. In the trial docket sheet, the trial court judge wrote, "On defense request, cont'd on defendant's request for at least 60 days after discussing & explaining speedy trial to defendants." The bill of exceptions does not include any transcription of the January 10 hearing. Dailey filed a financial affidavit on January 13, and the court appointed a new attorney. That attorney reported a conflict and filed a motion to withdraw on January 18, and that same day, the trial court appointed current counsel to represent Dailey.

On March 10, 2000, the court sent out a letter setting a pretrial conference for April 4, but the record does not reflect that the conference was held, as the trial docket entry for that date is simply: "Jury trial set for 5-17-00 at 9:30 a.m." Other than a motion and order about attorney fees, nothing further happened until May 17 when Dailey filed a motion to continue, which recited that her attorney was assigned to the case late in the proceedings and lacked an adequate opportunity to prepare for trial. A status hearing was scheduled for and held August 30. The trial docket shows that at this status hearing, the court noted that discovery was "ongoing" and "reset" the State's joint trial motion for September 18. The trial court judge wrote in the trial docket: "Counsel to file partial waiver of speedy trial (discovery related)." A September 18 trial docket entry states: "Discovery not yet completed." The State's motion for joint trial of Dailey and her husband was granted, and a jury trial was set for October 4 and 5.

Dailey filed a motion to continue on September 29, 2000, because discovery was not completed and her counsel needed additional time to interview defense witnesses and consider plea offers. The trial court granted the motion on October 2, continuing the proceeding to October 31 "for re-arraignment."

Dailey filed a motion for absolute discharge on October 31, 2000, alleging that the matter had not been brought to trial within 6 months from the filing of the information, as required by § 29-1207. The trial court set the motion for hearing on November 13. At the November 13 hearing, the procedural history we have recounted above was placed in evidence, and the State filed an affidavit of good cause. The affidavit listed events occurring during these proceedings not specifically enumerated within § 29-1207, but which according to the State constituted good cause for the delay in bringing Dailey to trial, as allowed by subsection (4)(f) of the statute. In that affidavit, the State noted that the January 4 pretrial conference was continued until January 10 to allow Dailey to prepare for the State's motion for joint trial, that Dailey requested several continuances for time to prepare for trial, and that although Dailey represented on September 18 that she would execute a waiver of speedy trial, no documents had been filed.

## TRIAL COURT DECISION

In its order denying the motion to discharge, the trial court explained that as the information was filed June 17, 1999, the State had until December 17 to try Dailey, unless a period of time between those dates was excluded as allowed under § 29-1207(4). The court reviewed the proceedings in this case and calculated the excluded periods as follows: (1) Thirty-five days were excluded under § 29-1207(4)(a) from August 2, Dailey's filing of a motion for discovery, until September 7, when that motion was heard and granted; (2) 6 days were excluded under § 29-1207(4)(b) from January 4, 2000, when Dailey requested a continuance of the pretrial conference to address the State's motion for joint trial and to file a pretrial report, to January 10, the date the pretrial conference resumed; (3) 127 days were excluded under § 29-1207(4)(b) and (f) from January 10, when Dailey's request for a continuance was granted and the matter continued for at least 60 days after the court explained her speedy trial rights, to May 17, the date the court scheduled for jury trial; and (4) 163 days excluded under § 29-1207(4)(b) and (f), the good cause portion of the statute, from May 17, when Dailey filed a motion to continue, to October 31, Dailey's filing of her motion for absolute discharge. With regard to its good cause finding, the trial court explained that it excluded 163 days, May 17 to October 31, because on August 30 and September 18, Dailey reported that discovery was not completed and that she was unprepared for trial. She never presented a written waiver of speedy trial as she represented she would do, and she filed a motion to continue on September 29, which extended until Dailey filed her motion for absolute discharge on October 31.

Consequently, the trial court calculated that there were 35, 6, and 127 excluded days up to the scheduled trial date of May 17, 2000, plus 163 days after that date, for a total of 331 excluded days. By adding 331 days to December 17, 1999, the trial court found that the last day the State could commence trial would be November 18, 2000. Therefore, the trial court found that Dailey's motion for absolute discharge filed October 31 was premature, and it was denied in an order filed January 24, 2001. Dailey timely appealed to this court.

## ASSIGNMENT OF ERROR

Dailey assigns error to the trial court's denial of her motion for discharge based upon her statutory right to a speedy trial pursuant to § 29-1207.

## STANDARD OF REVIEW

■ Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Steele*, 261 Neb. 541, 624 N.W.2d 1 (2001); *State v. Cox*, 10 Neb. App. 501, 632 N.W.2d 807 (2001).

## ANALYSIS

■ Dailey does not base her appeal upon the constitutional right to a speedy trial. The constitutional right to a speedy trial is distinct from the statutory provision for a speedy trial prescribed by the Nebraska speedy trial act, Neb. Rev. Stat. §§ 29-1201 to 29-1209 (Reissue 1995). *State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990); *State v. Herngren*, 8 Neb. App. 207, 590 N.W.2d 871 (1999) (constitutional right to speedy trial and statutory implementation of that right exist independently of each other). Therefore, we address only Dailey's statutory right to a speedy trial.

*Speedy Trial Statute.*

■ Section 29-1207(1) requires that every person indicted or informed against for any offense shall be brought to trial within 6 months, unless the 6 months are extended by any period to be excluded in computing the time for trial. *State v. Cox, supra.* To calculate the time within which the State had to bring Dailey to trial, we use the " ' "move forward 6 months, but then back up 1 day" rule.' " *State v. Sumstine*, 239 Neb. 707, 712, 478 N.W.2d 240, 244 (1991), citing *State v. Jones*, 208 Neb. 641, 305 N.W.2d 355 (1981). Here, the State filed the information against Dailey on June 17, 1999. Under *State v. Sumstine, supra*, the State had until December 17 to commence Dailey's trial. Under § 29-1208, if a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge. Section 29-1207(4) provides, as is relevant here:

The following periods shall be excluded in computing the time for trial:

. . . .

(b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel. . . .

. . . .

(f) Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause.

The burden of proof is upon the State that one or more of the excluded time periods under § 29-1207(4) are applicable when the defendant is not tried within 6 months. *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978); *State v. Borland*, 3 Neb. App. 758, 532 N.W.2d 338 (1995). To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of an excludable period by a preponderance of the evidence. *State v. Johnson, supra*, citing *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972).

*Exclusion of 6-Day Continuance Granted at Pretrial Conference.*

Dailey argues that it was clear error for the trial court to exclude the 6 days between January 4 and 10, 2000, due to a continuance of the pretrial conference which Dailey requested in order to address motions filed by the State and to file a pretrial report. Dailey asserts that her counsel had no prior notice of these newly filed motions and that therefore, the 6 days should not have been excluded. Dailey cites no case law to support her argument, and § 29-1207(4)(b) states that the period of delay resulting from a continuance granted at the request or with the consent of the defendant is excluded. The State's affidavit of good cause noted that Dailey requested this continuance in order to prepare for the State's newly filed motion for joint trial and to prepare a witness list. Section 29-1207(4)(b) does not differentiate between reasons for a requested continuance. Therefore, the fact that Dailey's counsel had no prior warning of the State's motion is not determinative, and it was not clear error for the trial court to exclude the 6 days from the requested continuance until the pretrial conference resumed.

*Excluding 127 Days for Continuance*
*Granted January 10, 2000.*

Dailey next argues that the trial court clearly erred by excluding 127 days, from January 10, 2000, until May 17, in computing the 6-month period allowed for trial under § 29-1207(1). She first asserts that the record does not reflect a waiver of her right to a speedy trial, merely that her right to a speedy trial was "discussed and explained" at the continued hearing held January 10. Brief for appellant at 9. We agree that the record before us fails to show that there was a waiver of Dailey's rights under the speedy trial act.

A defendant may waive the right to a speedy trial under § 29-1207 so long as the defendant is properly advised of the right to a speedy trial and the waiver is entered voluntarily, knowingly, and intelligently. *State v. Andersen*, 232 Neb. 187, 440 N.W.2d 203 (1989); *State v. Herngren*, 8 Neb. App. 207, 590 N.W.2d 871 (1999). There is no bill of exceptions from the January 10, 2000, pretrial conference, and thus, there is nothing of record upon which we could find that Dailey waived her right to a speedy trial on that date. Obviously, without a record, the State cannot demonstrate that any alleged waiver was voluntarily, knowingly, and intelligently done.

Nonetheless, the trial docket entry for January 10, 2000, includes a statement that Dailey requested a continuance "for at least 60 days after discussing & explaining speedy trial to defendants." Therefore, although there is insufficient evidence showing any waiver of Dailey's right to a speedy trial, the record shows that she requested an indefinite continuance under § 29-1207(4)(b) on January 10. Where there is no bill of exceptions, it will be presumed on appeal that the evidence supports the trial court's judgment. *Snyder v. Nelson*, 213 Neb. 605, 331 N.W.2d 252 (1983). Similarly, we assume that the proceeding which was held on January 10 supports the trial docket entry from that date.

The determinative question is how long did the requested continuance last. The trial court's docket entry of January 10, 2000, said that the matter was continued for at least 60 days at Dailey's request. Sixty days expired on March 10, and according to the trial docket, on that day, the trial court sent a letter setting a

pretrial conference for April 4. The record does not show that the pretrial conference was held April 4, but the trial docket does say: "Jury trial set for 5-17-00 at 9:30 a.m." We find that the continuance of "at least 60 days" was still in effect until at least May 17, the date when the court said the case would be tried. Thus, these 128 days (accounting for the fact that the year 2000 was a leap year) are excluded from the speedy trial clock by virtue of the continuance sought by Dailey and granted on January 10. While she would have us find that her continuance ended March 10, the end of the 60 days and when the court set the matter for pretrial conference, we do not think that Dailey can request an indefinite continuance and then have it end and be converted into "time definite continuance" without action on her part to accomplish that result.

▌This conclusion derives in large part from analogy to *State v. Andersen, supra,* a case where the defendant expressly waived his speedy trial rights. The court was faced with deciding what happened when the defendant revoked or terminated his waiver. The *Andersen* court rejected the defendant's suggestion that the clock should start running again with only the time remaining which was left when the waiver occurred and, instead, held that the 6 months would start afresh. *Id.* A previous waiver of speedy trial rights is terminated when the defendant files a written request for trial with the clerk of the court, with a copy to the prosecutor, and the clerk forwards a copy thereof to the trial judge. See *id.* Under *Andersen,* after a waiver of speedy trial rights, the State has 6 months from the date of the defendant's written request for trial to bring the defendant to trial, subject to periods excluded under § 29-1207.

The case before us is not on all fours with *State v. Andersen,* 232 Neb. 187, 440 N.W.2d 203 (1989), because the record does not show a waiver by Dailey, but, rather, an indefinite continuance. But, the circumstances are similar, and the result should likewise be similar. The record fails to show any action at any time by Dailey which could be taken as evidence that the indefinite continuance which she had requested on January 10 and which is clearly excluded, had ended, or that she wanted it to end, or was ready for it to end. At no time after the indefinite continuance did Dailey notify the prosecution or the court that

she was ready for trial. The record shows that instead of trying the case on May 17, 2000, per the court's trial setting, Dailey filed another motion for a continuance.

Under these circumstances, it would hardly be fair to have the speedy trial clock running against the State during an open-ended continuance requested by the defendant. When a defendant has sought and obtained an indefinite continuance, it is his or her affirmative duty to end the continuance by giving notice of request for trial, as outlined in *Andersen, supra*. Otherwise, the court can end the continuance by setting a trial date or specifically ordering that the continuance has ended. Here, the court set trial for May 17, 2000, and the indefinite continuance ended that day. But, the 6 months under § 29-1207 does not start anew because there was no waiver. Instead, the time between the start of the indefinite continuance and the end thereof is simply excluded from the 6 months in which the State had to bring Dailey to trial, and in this case, that is 128 days.

Our holding is also similar to that reached in *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997), where the defendant sought to avoid the exclusion from the speedy trial clock of the time that his motions for DNA testing and appointment of a private investigator were pending beyond the date that he originally noticed them for hearing, March 7, 1995, and when they were finally heard, May 11. Turner's argument was that only the period of time that the motions were "reasonably pending" should be excluded, which, in his view, was from the date of filing until the date they were originally to be heard on March 7. *Id*. at 628, 564 N.W.2d at 237.

The court in *Turner* rejected the argument on two grounds. First, as the motions were the defendant's, the period of delay to be charged to the defendant was determined by § 29-1207(4)(a), which meant that the time from filing to resolution was excluded without consideration of whether that timeframe was reasonable. The *Turner* court pointed out that it was only under the "catchall" provision of § 29-1207(4)(f), which excludes delay for "good cause," that an analysis of whether the delay was unreasonable becomes necessary. 252 Neb. at 629, 564 N.W.2d at 237. Second, the court in *Turner* said that the record showed that the reason for the delay was the failure of Turner's counsel

to pursue the motion and that such responsibility was his, rather than the State's or the court's. The *Turner* court said:

> Turner cannot take advantage of the delay in being brought to trial where by his own inactions he is responsible for the delay. See *State v. Brown*, 214 Neb. 665, 335 N.W.2d 542 (1983) (under § 29-1207(4)(a), entire period of time in which portion of defendant's pretrial motion for discovery lay dormant was properly chargeable against defendant). " 'An accused cannot generally take advantage of a delay in being brought to trial, where he is responsible for the delay either by action or inaction.' " *Lafler*, 225 Neb. at 370, 405 N.W.2d at 582, quoting *State v. Craig*, 219 Neb. 70, 361 N.W.2d 206 (1985).

252 Neb. at 630-31, 564 N.W.2d at 238.

Dailey has the same problem as Turner; the delay in going to trial is a consequence of Dailey's actions and inactions. It was Dailey who secured an indefinite continuance and never provided notice of any sort that she was ready for trial. In fact, when the court attempted to get her to trial on May 17, 2000, the date when the indefinite continuance ended, she sought and obtained another continuance.

### Date of Absolute Discharge Under 6-Month Rule Plus Excluded Days.

The trial court found in its order denying discharge that from the filing of the information until May 17, 2000, 168 days should be excluded, and 163 days should be excluded after May 17 to the filing of the motion for discharge on October 31 for a total of 331 excluded days. We note that Dailey concedes that nothing which happened procedurally after May 17 is "significant to this appeal as Appellant filed a motion to continue the trial on May 17, 2000." Brief for appellant at 5. However, the trial court's count is in error as there are 169 days excluded before May 17 due to 2000 being a leap year and 168 days from May 17 to October 31.

Therefore, with a starting day of June 17, 1999, we go forward 6 months and back 1 day, which gives us December 17, to which we add 337 excluded days (169 + 168). This equals November 18, 2001. Thus, Dailey's motion to discharge filed

October 31, 2001, was premature, and at that time, the State had 18 days left to begin Dailey's trial. The trial court correctly overruled the motion for absolute discharge. We point out that the time during which Dailey's motion to discharge has been pending, including in this court, is also excluded. See, *State v. Ebert*, 235 Neb. 330, 455 N.W.2d 165 (1990); *State v. Borland*, 3 Neb. App. 758, 532 N.W.2d 338 (1995). As a result, the State has 18 days left from the completion of the appellate process in which to begin Dailey's trial. Because we find that the appeal is resolved by § 29-1207(4)(b), we need not address the trial court's finding that time could also be excluded for good cause under § 29-1207(4)(f).

AFFIRMED.