STATE OF NEBRASKA, APPELLEE, V.
DANNY L. SCHMADER, APPELLANT.
691 N.W.2d 559

Filed February 1, 2005.   No. A-04-701.

Gregory C. Damman for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

SIEVERS, MOORE, and CASSEL, Judges.

MOORE, Judge.

## I. INTRODUCTION

Danny L. Schmader appeals from the order of the district court for Seward County, Nebraska, denying Schmader's motion for absolute discharge, in which he alleged that his statutory and constitutional rights to a speedy trial were violated. Finding no clear error in the denial of the motion, we affirm.

## II. BACKGROUND

On May 24, 2002, an information was filed in the district court charging Schmader with two counts of felony child abuse and one count of manufacture of a controlled substance. On June 4, Schmader filed a motion to suppress, seeking the exclusion of physical evidence seized from his premises by law

enforcement officers. As a result of a number of continuances either requested or consented to by Schmader, the hearing on the motion to suppress was not held until January 2, 2003. The matter was taken under advisement, and following the allowance of briefing by the parties, an order overruling Schmader's motion to suppress was entered on February 26.

A trial scheduling hearing was held on March 5, 2003, and on that date, the trial was set for June 24, to be held jointly with a codefendant. On June 10, the State filed a motion to endorse three additional witnesses and the district court entered an order allowing the endorsement. On June 18, Schmader filed two motions: a motion to allow Schmader to take the deposition of Troy Gartner, one of the newly endorsed witnesses, and a motion to continue the trial which was scheduled for June 24. Orders granting both motions were entered on June 23. Specifically, the order granting the continuance found that the jury trial scheduled in this case was to be continued and would be rescheduled by the district judge. On September 4, a copy of the front page of the deposition of Gartner was filed with the court, indicating that the deposition was taken on August 1. This document contained a certification from the court reporter that the deposition had been delivered to the codefendant's attorney. On September 18, the district court entered an order setting Schmader's jury trial to commence on February 4, 2004.

Schmader filed his motion for discharge on January 14, 2004, alleging that he had not been brought to trial within the time required by Neb. Rev. Stat. § 29-1208 (Reissue 1995); article I, § 11, of the Nebraska Constitution; and the Sixth Amendment to the U.S. Constitution. A hearing on the motion for discharge was held on January 30, and the matter was taken under advisement. On May 13, the district court entered an order denying the motion for discharge. Schmader timely appeals.

### III. ASSIGNMENT OF ERROR

Schmader assigns, restated and combined, that the district court erred in overruling his motion for discharge, for the reason that Schmader's statutory and constitutional rights to a speedy trial were violated.

## IV. STANDARD OF REVIEW

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Feldhacker*, 267 Neb. 145, 672 N.W.2d 627 (2004). To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id.*

## V. ANALYSIS

### 1. STATUTORY SPEEDY TRIAL

Neb. Rev. Stat. § 29-1207 (Reissue 1995) requires that every person indicted or informed against for any offense shall be brought to trial within 6 months, unless the 6 months are extended by any period to be excluded in computing the time for trial. See *State v. Cox*, 10 Neb. App. 501, 632 N.W.2d 807 (2001). The final trial date under § 29-1207 is determined by excluding the date the information was filed, counting forward 6 months, and then backing up 1 day. *State v. Washington*, 11 Neb. App. 598, 658 N.W.2d 302 (2003). Here, the State filed the information against Schmader on May 24, 2002. Excluding the day the information was filed, the last day on which Schmader could be tried within the statutory 6-month period was November 24, 2002, unless any period between the filing of the information and commencement of trial must be excluded. Section 29-1207(4) provides, as is relevant here:

> The following periods shall be excluded in computing the time for trial:
>
> (a) The period of delay resulting from . . . the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence . . . .
>
> (b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel.

The burden of proof is upon the State that one or more of the excluded time periods under § 29-1207(4) is applicable when the defendant is not tried within 6 months. *State v. Dailey*, 10 Neb. App. 793, 639 N.W.2d 141 (2002). To overcome a defendant's

motion for discharge on speedy trial grounds, the State must prove the existence of an excludable period by a preponderance of the evidence. *Id.*

On June 4, 2002, Schmader filed a motion to suppress, which was disposed of on February 26, 2003. The time period from the filing of the motion to suppress until it was finally disposed of, 267 days, is excludable under § 29-1207(4)(a). This excludable period extended the last day on which Schmader could be tried to August 18, 2003.

On June 18, 2003, Schmader filed motions to allow a deposition and to continue the trial, which motions were finally disposed of on June 23, thereby adding 5 days to the excludable period. See § 29-1207(4)(a). The last day on which Schmader could be tried was thereby extended to August 23, 2003. On June 23, the district court granted Schmader's motion to continue, and trial was ultimately rescheduled for February 4, 2004.

The sole issue in dispute in this portion of the appeal is whether the entire time between the granting of the motion to continue and the rescheduled trial date is excluded under § 29-1207(4)(b). The district court, relying upon *State v. Dailey, supra,* determined that Schmader's motion was for an indefinite continuance, since the motion requested a continuance "to a later date" and did not set a specific timeframe for the continuance. The district court further found that it was Schmader's duty to give notice that he wanted the continuance to end, which notice the court implicitly found was not given. Therefore, the district court found that the entire time between June 23, 2003, the granting of the continuance, and February 4, 2004, the rescheduled trial date, is excluded. The court calculated that to be 222 days. The court concluded that there were a total of 494 excludable days and that the last day for the commencement of trial would have been April 1, 2004.

In *State v. Dailey,* 10 Neb. App. at 794, 639 N.W.2d at 143, the defendant asked for a continuance for " 'at least 60 days.' " The determinative question in that case, as in the instant case, was how long the requested continuance lasted. This court held:

> When a defendant has sought and obtained an indefinite continuance, it is his or her affirmative duty to end the continuance by giving notice of request for trial, as outlined in [*State v.*] *Andersen,* [232 Neb. 187, 440 N.W.2d 203

(1989)]. Otherwise, the court can end the continuance by setting a trial date or specifically ordering that the continuance has ended.

10 Neb. App. at 801, 639 N.W.2d at 147. We concluded that since the defendant had not taken any action to end the indefinite continuance, the excludable time period continued until the date set for trial by the court.

In the instant case, Schmader argues that his motion was not for an indefinite continuance, but, rather, was for the limited purpose of allowing him to depose one of the newly endorsed witnesses. Schmader further argues that the filing on September 4, 2003, of the court reporter's certificate regarding the completion of the witness' deposition effectively ended the period of continuance, such that the speedy trial clock began to run again. According to Schmader, the additional delay of 131 days between September 4, 2003, and January 14, 2004, when he filed his motion for discharge, should be included for purposes of calculating the speedy trial clock. Schmader concludes that the last day he could be brought to trial without violating his statutory speedy trial rights was November 8, 2003.

It is clear that Schmader's purpose in seeking a continuance of the trial, as stated in his motion, was to allow for the taking of Gartner's deposition. However, his motion did not seek the rescheduling of trial upon completion of the deposition, but, rather, simply asked for continuance of the trial "to a later date." The deposition page filed on September 4, 2004, does not indicate who filed it, nor does it contain any indication that it was served upon counsel for Schmader or the State. While this document does indicate that Gartner's deposition had been taken, we do not agree that it qualifies as a notice by Schmader of his request for trial. Therefore, the district court was not clearly wrong in its application of the principle enunciated in *State v. Dailey*, 10 Neb. App. 793, 639 N.W.2d 141 (2002), and in excluding from the speedy trial clock the time between June 23, 2003, the granting of the continuance, and February 4, 2004, the date set for trial. However, we do disagree with the district court's mathematical calculation of excludable days and we find that this period of exclusion totals 226 days, bringing the total excludable time to

498 days. Adding the total excludable time, the last day on which Schmader could have been brought to trial was April 5, 2004. Since Schmader's motion for discharge was filed before the expiration of the statutory speedy trial deadline, the district court did not err in overruling such motion under § 29-1207. We point out that the time during which Schmader's motion for discharge has been pending, including in this court, is also excluded. See *State v. Dailey, supra.* Upon entry of the mandate on remand to the district court, the State has 82 days in which to bring Schmader to trial.

## 2. CONSTITUTIONAL SPEEDY TRIAL

The constitutional right to a speedy trial is guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11; the constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other. *State v. Feldhacker,* 267 Neb. 145, 672 N.W.2d 627 (2004). Determining whether a defendant's constitutional right to a speedy trial has been violated requires a balancing test in which the courts must approach each case on an ad hoc basis. This balancing test involves four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. None of these four factors standing alone is a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial; rather, the factors are related and must be considered together with such other circumstances as may be relevant. *Id.* See, also, *Barker v. Wingo,* 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

Schmader argues that his case was pending for 600 days when he filed his motion for discharge, and he attributes most of the delay to the actions of the State and the district court. Schmader fails to further argue how the above factors of the balancing test are affected, but he summarily asserts that "[g]iven the entire circumstances of this case, it is apparent that . . . Schmader's constitutional speedy trial rights have been violated." Brief for appellant at 10. In overruling Schmader's motion for discharge, the district court likewise did not specifically analyze the constitutional speedy trial assertion. We proceed to discuss the four factors of the balancing test set forth above.

### (a) Length of Delay

The time between the filing of the information and Schmader's motion for discharge was 600 days, which is certainly a lengthy delay. However, as we have noted above, 498 of these days are attributable to motions by Schmader, which days are excludable under the statutory speedy trial provisions. Although the constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other, § 29-1207 provides a useful standard for assessing whether the length of the delay is unreasonable under the U.S. and Nebraska Constitutions. See *State v. Ward*, 257 Neb. 377, 597 N.W.2d 614 (1999), *disapproved on other grounds, State v. Feldhacker, supra.* Nevertheless, the length of the delay in this case favors Schmader.

### (b) Reason for Delay

In reviewing the record, it is clear that the bulk of the delay in this case revolved around Schmader's motion to suppress and his motion for continuance. Following the filing of the motion to suppress, there was a delay of 212 days in holding the hearing on the motion. The record shows continuances of the hearing which were either requested or consented to by Schmader. However, the record is silent as to the reason for the continuances, with the exception of the one motion filed by the State citing the unavailability of a law enforcement officer for the hearing. Following the hearing, the motion was under advisement for 55 days until it was disposed of. The motion for continuance of the trial filed by Schmader resulted in 231 days of delay. Again, the record is silent as to the reason for the court's delay in rescheduling the trial.

The primary burden to ensure that cases are brought to trial lies with the courts and the prosecutors. See *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). However, there was no evidence adduced at the hearing on Schmader's motion for discharge to show that there was a "deliberate attempt to delay the trial in order to hamper the defense," see *Barker v. Wingo*, 407 U.S. at 531, or to show the reason for the delays either in hearing Schmader's motion to suppress or in rescheduling the trial. It is incumbent upon the appellant to present a record which supports the errors assigned; absent such a record, as a general rule, the decision of the lower court as to those errors is to be

affirmed. *State v. Quintana*, 261 Neb. 38, 621 N.W.2d 121 (2001). The record provided to us does not adequately provide an explanation for much of the delay involved in this case, and therefore, this factor favors the State.

### (c) Assertion of Right

There is some responsibility upon a defendant to assert his right to a speedy trial, but this is not to say that a defendant has a duty to bring himself to trial or to demand a trial. See *Barker v. Wingo, supra*. The only action which Schmader took that could be seen as an assertion of his right to a speedy trial was to file his motion for discharge on January 14, 2004, approximately 20 months after the filing of the information. See *Doggett v. United States*, 505 U.S. 647, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992) (filing of motion to dismiss may be assertion of rights). Therefore, we find that this factor weighs in favor of the State.

### (d) Prejudice to Defendant

Prejudice should be looked at with particularity and should be assessed in the light of the three interests of defendants which the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration, (2) to minimize anxiety and concern of the accused, and (3) to limit the possibility that the defense will be impaired. See *Barker v. Wingo, supra*. The last of these is the most serious. *Id.*

There was no evidence in the record to show that Schmader was incarcerated while awaiting trial, and thus, there is no showing of prejudice on this account. While there may be some degree of anxiety and concern in every criminal case, anxiety or concern by itself does not establish prejudice where the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific instances. *State v. Robinson*, 12 Neb. App. 897, 687 N.W.2d 15 (2004). Again, Schmader did not present any evidence to support a finding of prejudice on this account. Finally, there is nothing in the record to show that Schmader's defense was impaired by the delay. This factor favors the State.

When the four factors are balanced, it is clear that there was no denial of Schmader's constitutional right to a speedy trial.

## VI. CONCLUSION

We find that there was no clear error by the district court in its denial of Schmader's motion for discharge, because there has been no violation of Schmader's statutory or constitutional right to a speedy trial.

AFFIRMED.