STATE OF NEBRASKA, APPELLEE, V.
DOROTHY A. DROZ, APPELLANT.

703 N.W.2d 637

Filed September 20, 2005.    No. A-04-446.

Thomas J. Garvey, Sarpy County Public Defender, Gregory A. Pivovar, and Tom Strigenz for appellant.

Jon Bruning, Attorney General, and Michael B. Guinan for appellee.

INBODY, Chief Judge, and CARLSON and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

Dorothy A. Droz appeals from an order denying her motion to discharge, wherein she alleged that her statutory and constitutional rights to a speedy trial were violated.

## BACKGROUND

The record before us consists of the transcript and a copy of the trial judge's "journal entries," but no bill of exceptions, and reflects the following: On February 27, 2003, Droz was charged by information with two counts of forgery. Droz entered a plea of not guilty to both charges on March 14, and the trial was set for July 7. On July 7, Droz pled guilty to count I and count II was dismissed. Sentencing was deferred to August 29 pending completion of a presentence investigation. On August 28, sentencing was continued to September 5 " '[b]y agreement of Counsel.' "

At the September 5, 2003, hearing, the State orally moved to set aside the plea, which motion, along with sentencing, was taken under advisement until October 31. On October 31, with counsel and Droz present, the matter was continued to November 14. On November 14, the hearing on the State's motion to set aside the plea was held and the motion was sustained " 'by agreement of [Droz].' " On the same date, the matter was set for jury trial on December 10. On December 11, Droz' attorney's motion

to withdraw was sustained, a public defender was appointed, the trial scheduled for December 10 was canceled, and the matter was fixed for further proceedings on December 19. A pretrial hearing was held December 19, and a jury trial was scheduled for February 4, 2004.

On January 29, 2004, Droz filed her motion to discharge, which was heard on February 4 and taken under advisement. The district court entered its written order on March 8, overruling the motion. In this order, the district court recited that the plea agreement entered into on July 7, 2003, required Droz to make restitution prior to sentencing. The State filed the motion to set aside the plea on September 5 due to the fact that Droz had failed to comply with the plea agreement. The matter was continued to October 31 to allow the court to review the record and to give Droz the opportunity to comply with the plea agreement.

The district court noted that there were no pretrial motions filed between February 27, 2003, and the date of Droz' plea on July 7, so this period of 4 months 10 days is not excluded from the speedy trial calculation. In support of its March 8, 2004, denial of the motion for discharge, the court stated:

> The Court is of the opinion however that the period of time from July 7[, 2003,] until [March 8, 2004,] the date of this Order[,] is excludible, for the reasons of [Droz'] plea agreement and request for continuance of Sentencing to comply with the plea agreement, then consenting to set aside the plea and change of Counsel were all actions of [Droz] and are excludible (see [State v. Searles, 214 Neb. 849, 336 N.W.2d 571 (1983))].

Droz filed this timely appeal.

## ASSIGNMENTS OF ERROR

Droz assigns that the trial court erred in (1) ruling that she was not denied her statutory right to speedy trial, (2) ruling that she was not denied her constitutional right to speedy trial, and (3) not allowing her to proceed on her motion to suppress.

## STANDARD OF REVIEW

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual

question which will be affirmed on appeal unless clearly erroneous. *State v. Petty*, 269 Neb. 205, 691 N.W.2d 101 (2005); *State v. Covey*, 267 Neb. 210, 673 N.W.2d 208 (2004).

▪ To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id.*

## ANALYSIS

*Statutory Speedy Trial.*

▪ Neb. Rev. Stat. § 29-1207 (Reissue 1995) requires that every person indicted or informed against for any offense shall be brought to trial within 6 months, unless the 6 months are extended by any period to be excluded in computing the time for trial. *State v. Schmader*, 13 Neb. App. 321, 691 N.W.2d 559 (2005). Section 29-1207(4) provides that the following periods shall be excluded:

(a) The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on competency and the period during which he is incompetent to stand trial; the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement and motions for a change of venue; and the time consumed in the trial of other charges against the defendant;

(b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel. A defendant without counsel shall not be deemed to have consented to a continuance unless he has been advised by the court of his right to a speedy trial and the effect of his consent;

(c) The period of delay resulting from a continuance granted at the request of the prosecuting attorney, if:

(i) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date; or

(ii) The continuance is granted to allow the prosecuting attorney additional time to prepare the state's case and additional time is justified because of the exceptional circumstances of the case;

(d) The period of delay resulting from the absence or unavailability of the defendant;

(e) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance. In all other cases the defendant shall be granted a severance so that he may be tried within the time limits applicable to him; and

(f) Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause.

The burden of proof is upon the State that one or more of the excluded time periods under § 29-1207(4) is applicable when the defendant is not tried within 6 months. *State v. Schmader, supra*; *State v. Dailey*, 10 Neb. App. 793, 639 N.W.2d 141 (2002). To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of an excludable period by a preponderance of the evidence. *State v. Schmader, supra*; *State v. Dailey, supra.*

■ The rule in Nebraska is clear that to calculate the time for speedy trial purposes, we must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add in any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. See, *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002); *State v. Boslau*, 258 Neb. 39, 601 N.W.2d 769 (1999). In this case, Droz was charged by information on February 27, 2003. Thus, the original speedy trial deadline was August 27, and all applicable exclusions are added onto that date to determine the new trial deadline. See *State v. Lafler*, 225 Neb. 362, 405 N.W.2d 576 (1987), *abrogated on other grounds, State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990).

The parties agree that there was no excludable time between the filing of the information on February 27, 2003, and Droz' plea on July 7. We examine the time between that July 7 and the filing

of Droz' motion to discharge on January 29, 2004, to determine what, if any, periods were excludable.

The State asserts that the time between the entry of Droz' guilty plea on July 7, 2003, and the date the plea was set aside, November 14, should be excluded. We agree. The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Burkhardt*, 258 Neb. 1050, 607 N.W.2d 512 (2000); *State v. Trackwell*, 250 Neb. 46, 547 N.W.2d 471 (1996). The Nebraska Supreme Court has held that this waiver includes a defendant's right to a speedy trial. See *State v. McNitt*, 216 Neb. 837, 346 N.W.2d 259 (1984). See, also, Annot., 57 A.L.R.2d 302 (1958), and Annot., 56-58 A.L.R.2d Later Case Service 302-344 (2003) (defendant's plea of guilty made without raising question of denial of speedy trial constitutes valid and binding waiver of right thereto).

In this case, the record reflects that the trial judge properly advised Droz of her rights and made a finding that she understood her rights prior to accepting her plea. Specifically, the trial court's journal entry for July 7, 2003, provides in relevant part:

"[Droz] re-arraigned on the charge contained in the Information and enters a plea of guilty to Count I. The Court finds beyond a reasonable doubt that such plea is entered with an understanding of the charges, penalties, constitutional rights, [and] consequences of pleading guilty, and is entered freely, voluntarily, intelligently and knowingly made, with advi[c]e of counsel, and with a factual basis. . . ."

Accordingly, Droz' right to a speedy trial ceased to exist on July 7, when she pled guilty to forgery.

The State's motion to set aside the plea was sustained "'by agreement of [Droz]'" on November 14, 2003. In determining the effect of this action, we find the case *State v. Andersen*, 232 Neb. 187, 440 N.W.2d 203 (1989), to be instructive. *Andersen* is distinguishable in that the defendant in that case did not plead guilty; rather, he waived his right to a speedy trial and then later revoked that waiver. The Nebraska Supreme Court held that upon termination of a defendant's waiver of speedy trial rights, "the 6-month period for the State to bring a defendant to trial

provided in § 29-1207 shall begin anew." *Id.* at 195, 440 N.W.2d at 211. We believe the holding in *Andersen* to be applicable in the present case since the setting aside of Droz' guilty plea effectively terminated the waiver of her speedy trial rights occasioned by her earlier plea. Applying *Andersen* to the case at bar, Droz' rights to speedy trial began anew on November 14. Pursuant to *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002), we exclude November 14, count forward 6 months, back up 1 day, and then add in any time excluded under § 29-1207(4) to determine the last day Droz can be or could have been tried. Without counting any other excludable periods, the State had until May 14, 2004, to bring Droz to trial.

The district court concluded that the entire period between Droz' plea on July 7, 2003, and its order filed on March 8, 2004, was excludable. For the following reasons, we disagree. In reviewing the record, we find no basis for excluding the period between November 14 and December 11, 2003. On December 11, Droz' counsel was allowed to withdraw and, on Droz' motion, the district court appointed a public defender to represent her. On that same date, the trial scheduled for December 10 was canceled and the matter was fixed for a pretrial hearing on December 19. It is the State's contention that the time between December 11 and the filing of Droz' motion to discharge on January 29, 2004, is properly excluded under § 29-1207(4)(a) or (b) as either " 'time from filing until final disposition of pretrial motions of [Droz],' " or a " 'period of delay resulting from a continuance granted at the request or with the consent of [Droz] or [her] counsel.' " See brief for appellee at 23. Section 29-1207(4)(a) provides for exclusion of the period of time from the filing to the final disposition of a defendant's pretrial motions. In this case, however, the record indicates that Droz' motion for court-appointed counsel and the district court's final disposition sustaining that motion were almost simultaneous. This subsection therefore does not apply. In addition, the record does not contain any evidence of an oral or written motion for continuance made by either Droz or her counsel which would bring this delay under § 29-1207(4)(b). The State argues that Droz' consent to a continuance under these circumstances is "self-evident" because "no one would expect a newly appointed attorney to be prepared for a felony trial on such

short notice." Brief for appellee at 23. We agree with the State that some delay before trial would be expected in this situation. However, absent evidence that a continuance was sought by either Droz or her counsel, this period of time is not properly excludable under § 29-1207(4)(b).

Although it could be argued that there was "good cause" for delay following the appointment of new counsel, the district court did not make a specific finding to that effect as required by § 29-1207(4)(f). See *State v. Feldhacker*, 11 Neb. App. 872, 663 N.W.2d 143 (2003) (supplemental opinion) (when relying on § 29-1207(4)(f), general finding of good cause will not suffice and trial court must make specific findings as to good cause or causes which resulted in extension of time). Absent statutory authority to exclude the period between November 14, 2003, and January 29, 2004, we include the period in our speedy trial calculations. We find that at the time Droz filed her motion to discharge on January 29, the State had 106 days within which to bring Droz to trial.

■ Based on the foregoing analysis, it is clear that Droz' statutory right to speedy trial had not been violated when she filed her motion to discharge on January 29, 2004. Where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm. *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005); *State v. Gamez-Lira*, 264 Neb. 96, 645 N.W.2d 562 (2002). Albeit for different reasons, we find no error in the district court's ruling that Droz' statutory speedy trial right was not violated.

*Constitutional Speedy Trial.*

Droz also argues that her state and federal constitutional rights to a speedy trial were violated. The constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other. *State v. Loyd*, 269 Neb. 762, 696 N.W.2d 860 (2005); *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). Our case law is clear, however, that the voluntary entry of a guilty plea waives every defense to a charge, including constitutional defenses. See, *State v. Burkhardt*, 258 Neb. 1050,

607 N.W.2d 512 (2000); *State v. Trackwell*, 250 Neb. 46, 547 N.W.2d 471 (1996). In *State v. McNitt*, 216 Neb. 837, 346 N.W.2d 259 (1984), the Nebraska Supreme Court reasoned that whether it considered the defendant's voluntary and knowing waiver under § 29-1207, the Constitution of the United States, or the Constitution of the State of Nebraska, the conclusion it would reach would be the same: The defendant waived any rights to a speedy trial. Applying the reasoning of *State v. Andersen*, 232 Neb. 187, 440 N.W.2d 203 (1989), as we did above, we find that Droz' constitutional as well as statutory rights to a speedy trial began anew on November 14, 2003, when her plea was set aside.

■ Determining whether a defendant's constitutional right to a speedy trial has been violated requires a balancing test in which the courts must approach each case on an ad hoc basis. This balancing test involves four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. None of these four factors standing alone is a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial; rather, the factors are related and must be considered together with such other circumstances as may be relevant. *State v. Loyd, supra*; *State v. Feldhacker*, 267 Neb. 145, 672 N.W.2d 627 (2004). " 'The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.' " *State v. Robinson*, 12 Neb. App. 897, 904, 687 N.W.2d 15, 21 (2004), quoting *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). This court noted in *Robinson* that

> [o]nly in *State v. Kula*, 254 Neb. 962, 579 N.W.2d 541 (1998), and *State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706 (1986), has the Nebraska Supreme Court found the length of the delay to be so short as to make it unnecessary to inquire into the other three factors of the *Barker* balancing test. In *Kula, supra*, the length of the delay at issue was only 49 days, and in *Palmer, supra*, it was 17 weeks.

12 Neb. App. at 904, 687 N.W.2d at 21.

In this case, the applicable time period we examine in determining whether Droz' constitutional rights were violated is

November 15, 2003, the day after Droz' plea was set aside, to January 29, 2004, the day Droz filed her motion to discharge. See *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002) (exclude day information was filed in speedy trial calculations). This period totals 76 calendar days, or just under 11 weeks. Because the total period at issue in this case falls between the lengths of delay in *State v. Kula*, 254 Neb. 962, 579 N.W.2d 541 (1998), and *State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706 (1986), we conclude without further analysis that it is unnecessary to inquire into the other three factors of the *Barker* balancing test. Droz' constitutional rights to a speedy trial were not violated. This assignment too is without merit.

*Motion to Suppress.*

In her brief, Droz fails to raise or argue her third assignment of error. Errors that are assigned but not argued will not be addressed by an appellate court. *Livingston v. Metropolitan Util. Dist.*, 269 Neb. 301, 692 N.W.2d 475 (2005); *State ex rel. City of Alma v. Furnas Cty. Farms*, 266 Neb. 558, 667 N.W.2d 512 (2003).

## CONCLUSION

Because Droz' statutory and constitutional rights to a speedy trial were not violated, the district court's denial of Droz' motion for discharge was not clearly erroneous and is hereby affirmed. Upon entry of the mandate in the district court, there remain 106 days in which to bring Droz to trial in order to comply with § 29-1207.

AFFIRMED.