Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:10 PM CST

State of Nebraska, appellee, v.
Gerard Bridgeford, appellant.

State of Nebraska, appellee, v.
Judith Bridgeford, appellant.

___ N.W.2d ___

Filed November 3, 2017.    Nos. S-16-1032, S-16-1035.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court resolves independently of the conclusion reached by the trial court.
2. **Speedy Trial: Waiver: Motions for Continuance.** Although the amendments to Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 2016) were designed to prevent abuse, it does not follow that the waiver set forth therein applies only if the defendant's continuance was in bad faith.
3. **Speedy Trial: Waiver: Motions for Continuance: Time.** To determine if a defendant has permanently waived his or her statutory right to a speedy trial, the inquiry is simply whether the defendant's motion to continue resulted in a trial date that exceeded the 6-month period, as calculated with the excludable periods up to the date of the motion; the reason for and nature of the motion to continue are of no consequence.
4. **Speedy Trial: Time: Indictments and Informations.** To calculate the 6-month clock, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).
5. **Speedy Trial: Time: Pleadings.** Excludable periods attributable to pretrial motions such as motions to suppress, motions to quash, demurrers, pleas in abatement, and motions for change of venue begin on the date of filing and end on the date of final disposition of the motions.
6. **Speedy Trial: Time: Pretrial Procedure: Motions for Continuance.** Continuances of pretrial conferences are excludable from the speedy trial clock from the original date of the pretrial conference to the newly scheduled pretrial conference date.

7. **Trial: Motions for Continuance: Time.** An indefinite continuance of trial runs from the day of the motion until either the defendant's notice of a request for trial or the date set for trial by the court's own motion.
8. **Motions for Continuance: Time.** Any motion to continue that fails to set forth at the outset a definite length of time is indefinite.
9. **Appeal and Error.** When an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition.

Appeals from the District Court for Saunders County: Mary C. Gilbride, Judge. Affirmed.

Jennifer D. Joakim for appellant Gerard Bridgeford.

Mark A. Steele, of Steele Law Office, for appellant Judith Bridgeford.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Wright, J.

## NATURE OF CASE

The defendants in these consolidated appeals assert that the district court erred in denying their motions for absolute discharge. The district court determined that under the plain language of Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 2016), the defendants had permanently waived their statutory speedy trial right by requesting continuances that resulted in moving their trial dates from a date within the statutory 6-month period to a date outside the statutory 6-month period. The defendants dispute the court's reading of § 29-1207(4)(b) and argue that the permanent waiver set forth therein does not apply because they requested continuances for a definite rather than an indefinite period of time. They also argue that they should not be

deemed to have permanently waived their statutory right to a speedy trial when the requested continuances were reasonable and not motivated by gamesmanship.

## BACKGROUND

Gerard Bridgeford and Judith Bridgeford were charged on June 3, 2014, with several crimes. Gerard was charged with 10 counts of possessing marijuana with intent to deliver and 5 counts of possession of marijuana with intent to deliver to minors. Judith was charged with 10 counts of aiding and abetting possession of marijuana with intent to deliver and 5 counts of aiding and abetting possession of marijuana with intent to deliver to minors.

Their trials were set for September 24, 2014. On August 14, Gerard filed a motion to continue his scheduled trial. On August 15, the court granted Gerard's motion to continue. The court set a new date of September 22 for Gerard's status hearing and set the jury trial for October 15.

Judith similarly moved for a continuance on August 18, 2014, which the court granted that same date. The court set the new date for Judith's status hearing for September 29. The court did not set a new trial date at that time.

On September 17, 2014, Gerard moved to continue his status hearing from September 22 to September 29. The court granted the motion.

At Judith's status hearing on September 29, 2014, the court granted Judith's motion to remove her case from the trial docket. She explained that she intended to file a motion to suppress. Gerard's status hearing is not in the record.

On October 6, 2014, both Gerard and Judith filed motions to suppress. On January 5, 2015, the court denied the motions and set status hearings for January 26.

On January 13, 2015, Gerard and Judith both filed motions to continue their January 26 status hearings. On January 16, the court granted the motions. The court rescheduled the status hearings to February 9.

At their status hearings on February 9, 2015, Gerard and Judith moved to continue trial in order to complete depositions. The court set June 25 as their new trial date.

On May 11, 2015, Gerard and Judith again moved to continue their trials. The court granted the motions and set a new trial date for August 26.

The State filed a motion for joinder on May 18, 2015. At a hearing on June 23 to consider the State's motion, Gerard and Judith both moved to further continue their trials. The court granted the motions, setting status hearings for September 14, with the trial dates to be determined at that time. The court did not consider the motion for joinder.

At the September 14, 2015, status hearing, the court granted Gerard's and Judith's motions for continuances on the ground that depositions were still being conducted. The court set status hearings for October 26.

On October 26, 2015, Gerard and Judith moved to continue the date of their status hearings. The court rescheduled the hearings to December 21, with the trial dates to be set at that time.

On December 17, 2015, Gerard and Judith moved to continue the December 21 status hearings. The court rescheduled the hearings for February 8, 2016.

On February 5, 2016, Gerard and Judith moved to continue the February 8 status hearings. On February 8, the court granted the motions and rescheduled the hearings for April 25.

The status hearings finally took place as scheduled on April 25, 2016. And Gerard and Judith stated at the hearing that they were ready to proceed to trial. The court set their trials for December 12.

On June 3, 2016, the hearing was held on the State's motion for joinder. However, no ruling on the motion is in the record.

On September 9, 2016, Judith filed a motion for absolute discharge, alleging that both her statutory and constitutional

speedy trial rights had been violated. On October 3, Gerard filed a motion for absolute discharge alleging the same.

After a hearing, the court overruled the motions. The court reasoned that under § 29-1207(4)(b), both Gerard and Judith permanently waived their statutory right to a speedy trial when they requested a continuance that resulted in a trial date within the statutory 6-month period's being moved to a date outside of the statutory 6-month period. The court did not expressly address Gerard's and Judith's constitutional right to a speedy trial. Gerard and Judith each appealed.

## ASSIGNMENTS OF ERROR

Gerard and Judith both assign that the district court erred in failing to grant their motions for absolute discharge on the ground that their statutory and constitutional speedy trial rights were violated.

Gerard asserts that his motion for absolute discharge should have been granted for the additional reason that he was denied due process.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, which we resolve independently of the conclusion reached by the trial court.[1]

## ANALYSIS

### STATUTORY RIGHT

Gerard and Judith argue that they did not permanently waive their statutory right to a speedy trial, as determined by the district court. Section 29-1207(4)(b) states in relevant part that "[a] defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his

---

[1] See, e.g., *Pettit v. Nebraska Dept. of Corr. Servs.*, 291 Neb. 513, 867 N.W.2d 553 (2015).

or her counsel extends the trial date beyond the statutory six-month period." Gerard and Judith do not deny that their requests for continuances extended the trial date beyond the 6-month period. Rather, they assert that the waiver language of § 29-1207(4)(b) does not apply because they requested continuances for a definite period of time and for good reason. These are not relevant factors in the waiver inquiry.

In *State v. Gill*,[2] we recently reiterated that the waiver language contained in § 29-1207(4)(b) was added in response to the concurring opinion in *State v. Williams*.[3] The concurring opinion criticized the fact that the statutory scheme at that time allowed the speedy trial clock to follow the State during potentially years of aggregate individual continuances by the defendant. During such extended period, the defendant could wait and hope that the State would make a mistake in calculating excludable periods, and thereby obtain absolute discharge of the charges without any showing of prejudice. The concurrence in *Williams* suggested that the Legislature should consider providing for permanent waiver of the statutory right to a speedy trial once a defendant extends the trial date beyond the statutory 6-month period. That is precisely what the Legislature did with the waiver language of § 29-1207(4)(b).

We held in *Gill* that § 29-1207(4)(b) "provides for a 'permanent waiver'" regardless of whether the continuance was for a definite or indefinite period of time.[4] We explained that there is no language in the statute suggesting that only if the continuance was indefinite does a defendant waive his or her statutory right to a speedy trial.

---

[2] *State v. Gill*, 297 Neb. 852, ___ N.W.2d ___ (2017). See, also, *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014); *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014).

[3] *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009) (Wright, J., concurring; Heavican, C.J., and Connolly, J., join).

[4] *State v. Gill, supra* note 2, 297 Neb. at 862, ___ N.W.2d at ___.

We also repeated in *Gill* what we had explained in *State v. Mortensen*[5] and *State v. Vela-Montes*.[6] The waiver language of § 29-1207(4)(b) is broad. It provides for a permanent waiver regardless of the reasons for which a continuance was granted.

[2] As indicated in *Gill*, *Mortensen*, and *Vela-Montes*, we will not read into the broad waiver provision of § 29-1207(4)(b) a meaning that is not there. Although the amendments to § 29-1207(4)(b) were designed to prevent abuse, it does not follow that the waiver set forth therein applies only if the defendant's continuance was in bad faith. Such a case-by-case evaluation of subjective intent would be untenable, and the statute does not provide for it.

[3] To determine if a defendant has permanently waived his or her statutory right to a speedy trial, the inquiry is simply whether the defendant's motion to continue resulted in a trial date that exceeded the 6-month period, as calculated with the excludable periods up to the date of the motion.[7] The reason for and nature of the motion to continue are of no consequence.

[4-8] The facts presented here show that Gerard and Judith sought continuances that resulted in trial dates outside the 6-month statutory period. To calculate the 6-month clock, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4).[8] Excludable periods attributable to pretrial motions such as motions to suppress, motions to quash, demurrers, pleas in abatement, and motions for change of venue begin on the date of filing and end on the date of final disposition of the motions.[9] Continuances of pretrial

---

[5] *State v. Mortensen, supra* note 2.

[6] *State v. Vela-Montes, supra* note 2.

[7] See *State v. Gill, supra* note 2.

[8] See *State v. Williams, supra* note 3.

[9] See § 29-1207(4).

conferences are excludable from the original date of the pre-trial conference to the newly scheduled pretrial conference date.[10] An indefinite continuance of trial runs from the day of the motion until either the defendant's notice of a request for trial or the date set for trial by the court's own motion.[11] Any motion to continue that fails to set forth at the outset a definite length of time is indefinite.[12]

Absent any excludable periods, the 6-month clock would have run for Gerard and Judith on December 3, 2014. That trial date was first extended for Gerard for 62 days between the August 14 motion to continue and the new trial date of October 15. At that point, the 6-month clock would have run for Gerard on February 3, 2015. On October 6, 2014, Gerard filed a motion to suppress, which was not decided until January 5, 2015. Discounting overlapping days between October 6 and October 15, 2014, this resulted in 82 more excludable days and a new 6-month clock date of April 26, 2015.

On January 13, 2015, Gerard moved to continue his January 26 status hearing, which was rescheduled to February 9. This was another 14 excludable days, resulting in a new speedy trial date of May 10. At the February 9 hearing, Gerard asked for a continuance resulting in a new trial date of June 25, well beyond the May 10 speedy trial date considering excludable periods up to that point. Because Gerard's February 9 motion to continue resulted in a trial date that exceeded the 6-month period, as calculated with the excludable periods up to the

---

[10] See, *State v. Wells*, 277 Neb. 476, 763 N.W.2d 380 (2009); *State v. Craven*, 17 Neb. App. 127, 757 N.W.2d 132 (2008); *State v. Dailey*, 10 Neb. App. 793, 639 N.W.2d 141 (2002).

[11] See, § 29-1207(4)(b); *State v. Wells, supra* note 10; *State v. Williams, supra* note 3; *State v. Schmader*, 13 Neb. App. 321, 691 N.W.2d 559 (2005).

[12] See, *State v. Schmader, supra* note 11; *State v. Dailey, supra* note 10. See, also, *State v. Powell*, 755 N.E.2d 222 (Ind. App. 2001).

date of the motion, he permanently waived his statutory right to a speedy trial.

Judith first extended her December 3, 2014, speedy trial date when, on August 18, she filed a motion for an indefinite continuance of her trial. The excludable period of Judith's motion did not end until the new trial date of June 25, 2015, since, despite intervening motions, that was the first trial date set after the August 18, 2014, motion. The January 13, 2015, motion resulted in 311 excludable days and a new speedy trial date of October 10.

On May 11, 2015, Judith asked for a continuance that resulted in the court's setting a new trial date for August 26. This created 107 excludable days and a new speedy trial date of January 25, 2016. And on June 23, 2015, Judith moved for an indefinite continuance. At no point before January 25, 2016, did Judith take any affirmative action to end the continuance, nor did the court reschedule the trial date. Thus, as of January 26, Judith's indefinite continuance resulted in a trial date that exceeded the 6-month period as calculated with the excludable periods up to the date of the motion. Judith permanently waived her statutory speedy trial right by virtue of the June 23, 2015, motion to continue.

Gerard and Judith both permanently waived their statutory right to a speedy trial. We find no merit to their contention that the district court erred in failing to grant their motions for absolute discharge on the ground that their statutory right to a speedy trial was violated.

## Constitutional Speedy Trial and Due Process Rights

Likewise, we find no merit to Gerard's and Judith's assertion that the district court erred in failing to grant their motions for absolute discharge on the ground that their constitutional right to a speedy trial was violated. They focus on the 231-day delay between the time they finally stated on April 25, 2016, that they were ready to proceed to trial and the scheduled

trial date. They acknowledge that the delay up until the April 25 hearing was attributable to their own motions, and neither makes any assertion that their ability to present a defense was prejudiced by the delay after that time.[13]

[9] As for Gerard's due process claim of oppressive delay, assuming without deciding that such a claim could be part of the final, appealable order presented by a ruling on a motion for absolute discharge, that claim was not presented to the district court in Gerard's motion for discharge. We will not address it for the first time in this appeal. When an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition.[14]

## CONCLUSION

For the foregoing reasons, we affirm the orders of the district court.

Affirmed.

---

[13] See *Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994).

[14] *State v. Nadeem*, 284 Neb. 513, 822 N.W.2d 372 (2012).