STATE OF NEBRASKA, APPELLEE, V.
JENNIFER SOMMER, APPELLANT.

731 N.W.2d 566

Filed May 18, 2007.    No. S-06-832.

Thomas P. Strigenz, Sarpy County Public Defender, Patrick J. Boylan, and Matthew Klahn, Senior Certified Law Student, for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Jennifer Sommer appeals the denial of her motion for discharge based upon the State's alleged failure to provide her with a speedy trial in violation of her statutory and constitutional rights.

## BACKGROUND

On September 27, 2004, an information was filed against Sommer charging her with one count of abuse of a vulnerable adult. Beginning in October 2004, Sommer filed several motions to continue, which were all granted by the district court. On November 3, Sommer filed a plea in abatement, which was denied on December 20. On April 4, 2005, Sommer's counsel filed a motion to withdraw, which was granted on April 15. Sommer's case was initially set for trial on July 18. On July 6, the district court, on its own motion, continued the trial to August 10. Sommer waived her right to a jury trial on August 10, and her trial was then set for September 27. On September 12, Sommer filed a motion to discharge on the grounds that her statutory and constitutional rights to a speedy trial had been denied. Sommer's motion to discharge was denied on September 26.

Sommer appealed the denial of her motion to discharge, and the Nebraska Court of Appeals remanded the matter with directions for the district court to determine whether the State proved by a preponderance of the evidence that the time attributable to the continuance of the jury trial on the district court's own

motion from July to August 2005 was excludable for good cause and to make specific findings. See *State v. Sommer*, 14 Neb. App. xlvi (No. A-05-1179, Mar. 8, 2006). On July 14, 2006, the district court entered another order overruling Sommer's motion to discharge. Pursuant to the mandate of the Court of Appeals, the district court determined that the continuance of Sommer's trial on the court's own motion was excludable for good cause. The district court found that on July 18, 2005, a double homicide case, State v. Golka, Sarpy County District Court, docket CR 04, page 717, was set for trial as the primary case and Sommer's case was set as the backup case. The court stated that on July 5, the defendant in the double homicide case waived his right to a jury trial. State v. Golka remained set for trial on July 18 and 19 as a bench trial, rather than the primary jury case. The court further stated that on July 6, it continued Sommer's case to August 10 in order to facilitate the double homicide trial which was the primary jury case for July 18 and 19 and that Sommer's case was moved from a secondary position for the July jury term to the primary case for the August term, which was the next available jury panel date. Sommer timely appeals the district court's July 14, 2006, order.

## ASSIGNMENTS OF ERROR

Sommer assigns that the district court erred in determining that (1) Sommer was not denied her statutory right to a speedy trial, because, on remand, the district court failed to determine whether the State proved by a preponderance of the evidence that the time attributable to the continuance of the jury trial on the court's own motion from July to August 2005 was excludable for good cause and failed to make specific findings as required by the order on remand, and (2) Sommer was not denied her constitutional right to a speedy trial.

## STANDARD OF REVIEW

■ As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[1]

---

[1] *State v. Loyd*, 269 Neb. 762, 696 N.W.2d 860 (2005).

## ANALYSIS

### STATUTORY SPEEDY TRIAL

Sommer asserts that the district court erred in overruling her motion to discharge because the continuance of her jury trial from July 18 to August 10, 2005, was not excludable for good cause under Neb. Rev. Stat. § 29-1207(4)(f) (Reissue 1995).

Section 29-1207 requires that a defendant be tried within 6 months after the filing of the information, unless the 6 months are extended by any period to be excluded in computing the time for trial.[2] If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he or she shall be entitled to an absolute discharge from the offense charged.[3] To calculate the time for speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried.[4]

The information was filed against Sommer on September 27, 2004. If there were no time periods excludable under § 29-1207(4), the last day the State could have brought Sommer to trial would have been March 27. The district court found that a total of 119 days was excludable under § 29-1207(4) between October 4, 2004, and April 15, 2005, for numerous motions to continue, a plea of abatement, and a motion to withdraw. Sommer does not dispute the 119 days excluded by the district court. Accordingly, absent any other excludable time periods, the last day the State could have brought Sommer to trial before the expiration of the speedy trial period specified in § 29-1207(4) was July 24, 2005.

Section 29-1207(4)(f) provides for the exclusion of " '[o]ther periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause.' "[5] The district court

---

[2] *State v. Cox*, 10 Neb. App. 501, 632 N.W.2d 807 (2001).

[3] *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002).

[4] *Id.*

[5] *State v. Covey*, 267 Neb. 210, 214, 673 N.W.2d 208, 211 (2004).

found that an additional 22 days were excludable for good cause under § 29-1207(4) as a result of the continuance of Sommer's trial from July to August 2005, on the court's own motion. Upon remand by the Court of Appeals, the district court specifically found that it continued Sommer's trial until August 10 to facilitate a double homicide trial, which was the primary case for July 18 and 19, and that Sommer's case was moved to the primary case for the August term.

The burden of proof is upon the State that one or more of the excluded time periods under § 29-1207(4) are applicable when the defendant is not tried within 6 months.[6] To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of an excludable period by a preponderance of the evidence.[7]

We have stated that docket congestion can be a "good cause" for delay in speedy trial calculations. In *State v. Alvarez*,[8] we found that the Legislature intended to include docket congestion in excusable delays and to exclude periods attributable thereto from the statutory 6-month period. We have also held that the substantial preponderance of the evidence must support a court's finding of good cause.[9] In the instant case, the record before the district court did not establish good cause by a substantial preponderance of the evidence. The only evidence is a certified copy of three journal entries from the case of State v. Golka, Sarpy County District Court, docket CR 04, page 717. The journal entries reveal that the defendant in that case waived his right to a jury trial and that a trial to the court was scheduled on July 18 and 19, 2005. The journal entries further reveal that on July 13, the defendant in that case entered guilty pleas and sentencing was deferred to September 9. This evidence simply does not indicate that Sommer's case could not have been tried prior to July 24, the final trial date for speedy trial purposes.

---

[6] *State v. Schmader*, 13 Neb. App. 321, 691 N.W.2d 559 (2005).

[7] *Id.*

[8] *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972).

[9] *Id.*

Because the evidence before this court is insufficient to prove that the 22 days excluded as a result of the district court's continuance of Sommer's trial until August 10, 2005, were excludable for good cause under § 29-1207(4)(f), we find that the district court erred in excluding this period. Having so concluded, we determine that Sommer was not brought to trial within the time specified under § 29-1207.

### CONSTITUTIONAL SPEEDY TRIAL

■ Sommer also argues that her constitutional right to a speedy trial was violated. Because an appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it,[10] we do not address this issue.

### CONCLUSION

For the reasons discussed above, we conclude that Sommer is entitled to discharge under Neb. Rev. Stat. § 29-1208 (Reissue 1995) because the State has failed to meet its burden of showing that Sommer was brought to trial within the statutory deadline imposed by § 29-1207.

REVERSED.

---

[10] *Gary's Implement v. Bridgeport Tractor Parts*, 270 Neb. 286, 702 N.W.2d 355 (2005).