744 N.W.2d 500 (2008)
16 Neb. App. 406
STATE of Nebraska, Appellee
v.
Ronnie VASQUEZ, also known as Ronald Vasquez, Appellant.
No. A-07-028.
Court of Appeals of Nebraska.
February 12, 2008.
*502 Stephen G. Lowe, Kearney, for appellant.
Jon Bruning, Attorney General, and Kimberly A. Klein, Lincoln, for appellee.
INBODY, Chief Judge, and CARLSON and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Ronnie Vasquez, also known as Ronald Vasquez, appeals from an order overruling his motion for discharge, based upon his statutory right to a trial within 6 months and his federal and state constitutional rights to a speedy trial. The ultimate *503 question is whether any periods of time are excludable because Vasquez failed to fulfill a plea bargain. Because the district court failed to make sufficient findings, we reverse, and remand with directions.

BACKGROUND
The State charged Vasquez with possession of a controlled substance with intent to deliver. The information was filed on August 16, 2006. Subsequently, Vasquez entered a plea of not guilty. On November 28, Vasquez filed a motion for absolute discharge, premised both on Neb.Rev.Stat. §§ 29-1207 and 29-1208 (Reissue 1995) and on his state and federal constitutional rights to a speedy trial.
On November 30, 2006, the district court conducted a hearing on the motion for absolute discharge. The evidence consisted solely of exhibits, primarily the district court case files of the instant case and an earlier prosecution. The court took the motion under advisement. At the conclusion of the hearing, Vasquez, who was then scheduled for jury trial on the following Monday, elected to waive his right to trial by jury.
On December 4, 2006, the matter proceeded to a bench trial. Before commencing the trial, the court announced its decision overruling the speedy trial motion and pronounced specific findings, which we now summarize. At the time of Vasquez' arrest, he was informed that the State intended to charge him with possession of a controlled substance with intent to distribute. The State offered to reduce the charge to simple possession and to recommend Vasquez for rehabilitative programs in exchange for Vasquez' providing information concerning other investigations. Vasquez agreed. The State filed the first case, district court case No. CR05-152, in compliance with the agreement. The State complied with its portion of the agreement, as did Vasquez, until he was arraigned on February 10, 2006. At that time, however, Vasquez entered a plea of not guilty. The charge in case No. CR05-152 was dismissed on May 26. The case now being appealed, district court case No. CR06-91, was then filed, as noted above, on August 16. The district court found that the time periods involved in the two cases must be considered together for purposes of speedy trial. The court stated, "Based upon the plea agreement and the change of heart, at the time the motion for discharge was filed, more than 187 days have elapsed." The court found that the period of time from the withdrawal from the agreement by Vasquez until the time the new information was filed was excludable. The court also excluded the period of time that elapsed between the making of the agreement and the withdrawal from the agreement.
We return to the proceedings on December 4, 2006. After the court announced its decision on the motion for discharge, Vasquez' counsel elected to "stand basically on the motion for discharge" and informed the court that Vasquez would enter into a stipulation that would acknowledge or admit facts sufficient to constitute a conviction "[a]nd then we'll proceed with the appeal...." Vasquez' counsel requested a continuance to enable Vasquez to file an appeal, which motion the court overruled, finding that "the ruling on the application for discharge is not a final order."
The prosecutor then proposed a factual stipulation and offered exhibits. Vasquez made no objection to the exhibits, which were received, and accepted the prosecutor's stipulation. The court noted that throughout the proceedings, the State had agreed that Vasquez was preserving his right to challenge the court's ruling on the motion for discharge. Based upon the stipulated evidence, the court found Vasquez *504 guilty and scheduled the matter for sentencing on January 5, 2007. The court also ordered a presentence investigation.
On January 3, 2007, Vasquez filed his first notice of appeal, which was docketed in this court as the instant case.
Despite the pendency of the instant appeal, the district court conducted further proceedings, ultimately leading to the imposition of a sentence on January 25, 2007. Vasquez filed a second notice of appeal, and we have previously, by memorandum opinion, disposed of the second appeal. See State v. Vasguez, ante p. ___ (No. A-07-184, Oct. 11, 2007). We determined that the district court lacked jurisdiction to proceed with sentencing and that its judgment was void. Accordingly, we vacated the void judgment but also determined that because of the pendency of the instant appeal, it was not yet appropriate to remand the cause to the district court for resentencing.

ASSIGNMENTS OF ERROR
Vasquez assigns four errors, the first three of which, restated, assert that the district court erred in excluding certain time periods from the statutory speedy trial calculations, in failing to sustain his motion for absolute discharge, and in denying his state and federal constitutional rights to a speedy trial.
While Vasquez also assigns that the court erred in receiving into evidence a videotape of the police interviews, he did not argue this matter in his brief, and we decline to address it further. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in a party's brief. State v. McKinney, 273 Neb. 346, 730 N.W.2d 74 (2007).

STANDARD OF REVIEW
As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. State v. Sommer, 273 Neb. 587, 731 N.W.2d 566 (2007).
To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. State v. Rieger, 270 Neb. 904, 708 N.W.2d 630 (2006).

ANALYSIS

Statutory Speedy Trial Calculations Before Exclusions.
Vasquez asserts that the district court erred in overruling his motion to discharge, because the court erred in excluding certain time periods. Before reaching his specific arguments, we perform the initial calculations in light of the Nebraska statutory speedy trial jurisprudence.
Section 29-1207 requires that a defendant be tried within 6 months after the filing of the information, unless the 6 months are extended by any period to be excluded in computing the time for trial. State v. Sommer, supra. If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he or she shall be entitled to an absolute discharge from the offense charged. Id. To calculate the time for speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. State v. Sommer, supra.
*505 The district court found, and neither party disputes, that the periods during which the two informations were pending must be combined in determining the last day for commencement of trial under the speedy trial act. See, State v. French, 262 Neb. 664, 633 N.W.2d 908 (2001); State v. Trammell, 240 Neb. 724, 484 N.W.2d 263 (1992); State v. Sumstine, 239 Neb. 707, 478 N.W.2d 240 (1991). In State v. Sumsane, supra, the Nebraska Supreme Court explained the rationale of tacking and the tolling approachto prevent the State from undermining or subverting implementation of the speedy trial act. Under this approach, the calculation begins with the filing of the first information. During the period between dismissal of the first information and filing of the second information, the speedy trial time is tolled. The time resumes upon filing of the second information, including the day of its filing. See id.
The first information against Vasquez was filed on December 23, 2005. For the moment disregarding time periods excludable under § 29-1207(4) and the tolling during dismissal, the last day the State could have brought Vasquez to trial would have been June 23, 2006.
The time chargeable to the State ceases, or is tolled, during the interval between the State's dismissal of the initial information and the filing of the second information. See State v. French, supra. The first information against Vasquez was dismissed on May 26, 2006, and the second information was filed on August 16. Because both May 26 and August 16 are chargeable to the State, the period excluded by tolling is 81 days. After adding this period, but not yet considering any excludable periods, the last date for commencement of trial was extended to September 12. We now turn to consideration of excludable time.

Uncontested Excludable Periods.
The burden of proof is upon the State that one or more of the excluded time periods under § 29-1207(4) is applicable when the defendant is not tried within 6 months. State v. Sommer, 273 Neb. 587, 731 N.W.2d 566 (2007). To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of an excludable period by a preponderance of the evidence. Id.
In the statement of facts in Vasquez' brief, he acknowledges that in the first prosecution, he filed a motion to suppress on March 17, 2006, and that the motion remained undisposed at the time of the State's dismissal. He implicitly concedes that this period is excludable.
Section 29-1207(4)(a) excludes from speedy trial calculations the time from filing until final disposition of pretrial motions by the defendant, including motions to suppress. State v. Dockery, 273 Neb. 330, 729 N.W.2d 320 (2007). The 70-day period from March 17, 2006, to May 26, is clearly excludable under § 29-1207(4)(a). After adding 70 days to September 12, the last day for commencement of trial would have been Tuesday, November 21. Vasquez' motion for discharge was filed 7 days after the last day for commencement of trial, unless there were other excludable periods.
Further, neither party disputes that when Vasquez filed his motion for absolute discharge, the speedy trial clock, if it had not already expired, again stopped. Where a motion to discharge on speedy trial grounds is submitted to a trial court, the excludable period attributable to a defendant's pretrial motion is calculated from the date the motion is filed until the date the motion is granted or denied. See State v. Recek, 263 Neb. 644, 641 N.W.2d 391 (2002), disapproved in part on other *506 grounds, State v. Feldhacker, 267 Neb. 145, 672 N.W.2d 627 (2004). Thus, the period from November 28, 2006, when the motion was filed, to December 4, when the motion was overruled, is excluded under § 29-1207(4)(a), Because the trial was then immediately held on December 4, the question becomes whether there is any other excludable period of at least 7 days. We now examine the additional periods of exclusion found by the district court.

Exclusion Relating to Plea Bargain.
The district court specifically found that two periods were excludable: (1) from the date of the plea agreement to the entry of the plea of not guilty in the first prosecution and (2) from the date of the not guilty plea in the first prosecution to the filing of the second prosecution. The district court did not articulate the statutory basis of such exclusions.
Several portions of these periods are not chargeable or excludable for reasons unrelated to the existence of a plea bargain. First, the plea agreement was reached prior to the filing of the first information. However, the speedy trial clock did not begin to run until the first information was filed. Thus, the period from the date of the plea agreement to the date of filing of the first information is not an excludable or chargeable periodit is simply irrelevant to the statutory speedy trial calculation. Second, as we explained above, the speedy trial time is tolled during the period between the dismissal of the first information and the filing of the second information. Third, the period relating to Vasquez' motion to suppress has already been excluded.
As a result, insofar as the plea bargain is concerned, we consider two periods: (1) from the filing of the first information (December 23, 2005) to the date of entry of the plea of not guilty (February 10, 2006) and (2) from the date of the plea to the date of filing of the motion to suppress (March 17). These represent periods of 49 days and 35 days, respectively. We now consider the district court's factual findings regarding an agreement.
The district court described the agreement as a "plea agreement" and found that the first prosecution proceeded "with the State complying with its portion of the agreement, and ... Vasquez in fact performing his side of the agreement through the time of arraignment." Vasquez argues that there was no plea agreement but also argues that "[t]he bargaining positions were clearly unequal and [Vasquez] thought he was bargaining for and receiving a free pass when in fact he was told later he had agreed to plead guilty to a reduced charge ..." Brief for appellant at 14-15. The State concedes that Vasquez' agreement to plead guilty to a reduced charge was impliedacknowledging that "the words `you have to plead to the simple possession charge' do not appear on the tape" and arguing that it was "obvious to everyone involved that a guilty plea to that charge was contemplated by all, as the [S]tate would not be able to recommend a sentence of probation if there is not a conviction on file." Brief for appellee at 8. We determine that the court's factual findings that there was a plea agreement and that both parties complied until the time of arraignment in the first prosecution are not clearly erroneous. We next consider the statutory basis for any further exclusion.
The State argues that § 29-1207(4)(a) provides the basis for exclusion, relying upon the language excluding the "period of delay resulting from other proceedings concerning the defendant." Putting aside for the moment whether the State proved that there was a "period of delay," we reject the State's reliance upon § 29-1207(4)(a), *507 because the plea agreement was not a "proceeding" within the meaning of the subsection.
A "proceeding," as used in the speedy trial statute provision governing delay resulting from proceedings concerning the defendant, is, in a more particular sense, any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object. See State v. Murphy, 255 Neb. 797, 587 N.W.2d 384 (1998).
The term "proceeding" must be read narrowly. Id. In State v. Murphy, the Nebraska Supreme Court explained that to the extent the parties relied on their own devices to secure necessary depositions, the taking of the depositions was not a "proceeding" within the meaning of § 29-1207(4)(a). We think that a plea bargain not entered into on the record before any court or tribunal, but, rather, made during private negotiations between the parties, is analogous to the private devices utilized to secure depositions.
In the instant case, the plea bargain made at the time of arrest clearly falls outside the definition of a "proceeding." The plea agreement was made prior to the commencement of any court proceeding. It certainly began as a purely private arrangement between the parties. As the Nebraska Supreme Court explained in State v. Murphy, "[i]f the term `proceedings' was read broadly, rather than in its `particular sense,' § 29-1207(4)(a) would include any delay at trial that `concerns' the defendant." 255 Neb. at 803, 587 N.W.2d at 389.
Thus, it appears that the basis for exclusion must be found, if at all, in the catchall exclusion for "good cause" provided by § 29-1207(4)(f). Under § 29-1207(4)(f), time may be excluded for a period of delay where good cause is shown. State v. Covey, 267 Neb. 210, 673 N.W.2d 208 (2004). Under a plain reading of § 29-1207(4)(f), before an evaluation for good cause need be made, there must first be a "period of delay." State v. Covey, supra. The district court did not make any findings relating to § 29-1207(4)(f).
We think it is conceivable that, in theory, the conduct of parties relating to a plea bargain could constitute good cause for delay under § 29-1207(4)(f). But we are precluded from reaching this issue in the case before us by the absence of findings by the district court. "`[I]f a trial court relies on § 29-1207(4)(f) in excluding a period of delay from the 6-month computation, a general finding of "good cause" will not suffice and the trial court must make specific findings as to the good cause or causes which resulted in the extensions of time.'" State v. Murphy, 255 Neb. at 804, 587. N.W.2d at 389, quoting State v. Kinstler, 207 Neb. 386, 299 N.W.2d 182 (1980). See, also, State v. Alvarez, 189 Neb. 281, 202 N.W.2d 604 (1972).
In the instant case, the district court made certain findings of historic fact, but the court did not make any finding regarding the causal connection, if any, between the plea bargain and any delay in the subsequent proceedings. Indeed, the court's findings did not identify a specific delay, but simply excluded certain broad periods of time, parts of which were irrelevant to the speedy trial calculation or already excluded under § 29-1207(4)(a). When a trial court's findings are incomplete, an appellate court must remand the cause for further consideration. State v. Murphy, 255 Neb. 797, 587 N.W.2d 384 (1998).

Constitutional Right to Speedy Trial.
Vasquez also argues that his constitutional right to a speedy trial was violation. *508 An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it. State v. Sommer, 273 Neb. 587, 731 N.W.2d 566 (2007). Therefore, we do not address this issue.

CONCLUSION
We conclude that the district court erred in excluding any time periods relating to the plea bargain under § 29-1207(4)(a). Even if such periods may be excluded under § 29-1207(4)(f), the district court made no findings in that regard. Accordingly, we reverse, and remand with directions to the district court to determine whether, based on the existing record, the State proved by a preponderance of the evidence that the time from the filing of the first information to the entry of the plea of not guilty or the time from the entry of the plea to the filing of the motion to suppress, or both, is excludable for good cause, supported by specific findings.
REVERSED AND REMANDED WITH DIRECTIONS.