758 N.W.2d 41 (2008)
17 Neb. App. 66
STATE of Nebraska, appellee,
v.
Mickey L. SHIPLER, appellant.
No. A-07-1176.
Court of Appeals of Nebraska.
September 23, 2008.
*43 Patrick J. Boylan, Chief Deputy Sarpy County Public Defender, for appellant.
Jon Bruning, Attorney General, and James D. Smith for appellee.
SIEVERS, MOORE, and CASSEL, Judges.
MOORE, Judge.

INTRODUCTION
Mickey L. Shipler appeals the order of the district court for Sarpy County that denied his motion for absolute discharge. Because we find that the court was clearly erroneous in its determination that Shipler's statutory right to a speedy trial was not violated, we reverse, and remand the matter with directions to dismiss. Pursuant to this court's authority under Neb. Ct. R.App. P. § 2-111(B)(1), this case was ordered submitted without oral argument.

BACKGROUND
The State filed the initial information in this case on May 24, 2006, charging Shipler with first degree sexual assault on a child, incest, and sexual assault of a child.
Shipler filed a number of pretrial motions, which are relevant to the speedy trial calculation. Shipler filed a motion to quash on June 9, 2006, which the district court denied on June 19. At a pretrial hearing on July 25, Shipler's counsel made a motion for discovery and review of videotapes. Upon Shipler's motion, the pretrial hearing was continued to August 23. On August 23, Shipler filed a motion to suppress and a motion in limine, which motions were denied by the court on November 21. A docket entry dated February 7, 2007, shows that Shipler made an oral motion for continuance on that date, which was granted by the district court, and the trial scheduled for February 12 was canceled. Shipler filed a motion to continue on February 9, which apparently corresponds with his oral motion of February 7. Trial was subsequently scheduled for March 14. Shipler also filed a written motion to continue on March 9, which the *44 district court granted on that date, continuing the jury trial date to May 9.
On May 4, 2007, the State filed a written motion to continue. The State averred that the "State's witness is out-of-state and will not be available for Trial on May 9, 2007." The State requested "a finding of good cause for the continuance." The State did not attach an affidavit to its motion.
The district court heard the State's motion for continuance on May 9, 2007. At the hearing, the prosecutor informed the court that one of the State's "key witnesses" was in Washington, D.C., and was unavailable for trial. Shipler objected to the motion, arguing that Shipler had been in custody 378 days and hoped for a resolution. Shipler's counsel concluded:
And I understand that the [S]tate usually calls more witnesses than the defense, and I understand thatthe circumstances in this case, butI think we're in a position where despite the fact that we've had prior continuances, we need to let the Court know that we we object to this continuance on the basis of what you have in front of you in terms of the motion andjust that and the motion.
The following colloquy then took place:
THE COURT: Who is the witness that isn't here?
[The State]: Investigator Martins. He interrogated ... Shipler, was part of the interrogation.... Shipler did end up ultimately confessing during the two-part interrogation to both [I]nvestigator Martins and Investigator Teuscher, they did the interrogation.
THE COURT: Was there a motion to suppress filed?
[The State]: Yes, there was, and you overruled it.
THE COURT: Okay. The Court will find for good cause the [S]tate's motion for continuance is sustained. Matter's continuedI have no jury term in June, so it's continued to July the 5th at 9 a.m.
In a docket entry dated May 9, 2007, the court noted, "The Court having considered the State's Motion for Continuance finds just cause for reason of the unavailability of the State's key witness." The court set the trial date for July 5.
Shipler filed a motion in limine on July 2, 2007. At that time, the court continued the jury trial date, pending its ruling on Shipler's motion. On July 27, the court denied Shipler's motion in limine. A jury trial was subsequently scheduled for September 10.
Shipler filed his motion to discharge on speedy trial grounds on September 4, 2007, and the State filed an objection. The district court conducted a hearing on the motion on October 10. At the hearing, the State presented its speedy trial calculations, which excluded time for the State's May 4 motion to continue "because there was a finding of good cause." Shipler argued that the State's motion to continue was improperly granted because the motion was unsupported by an affidavit or other documentation. Shipler's speedy trial calculation which was received into evidence by the court did not exclude the time associated with the State's motion for continuance.
The district court entered an order on November 5, 2007, denying Shipler's motion to discharge. In its calculation, the district court excluded time attributable to the State's motion to continue "for good cause shown." Shipler appeals.

ASSIGNMENT OF ERROR
Shipler asserts, consolidated and restated, that the district court erred in denying his motion to discharge by excluding *45 the time attributable to the State's motion to continue from its speedy trial calculation.

STANDARD OF REVIEW
As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. State v. Sommer, 273 Neb. 587, 731 N.W.2d 566 (2007).
To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. State v. Schinzel, 271 Neb. 281, 710 N.W.2d 634 (2006).

ANALYSIS

State's Motion to Continue.
Shipler argues that the district court erred in denying his motion to discharge by excluding the time attributable to the State's motion to continue from its speedy trial calculation. In addressing Shipler's assignment of error, we must consider whether the time attributable to the State's motion was excludable and under which subsection of Neb.Rev.Stat. § 29-1207 (Reissue 1995) it should be considered. In order to evaluate whether the time is excludable, we must determine what evidence is available for our consideration, and in doing so, we first consider the method by which the State sought a continuance.
Shipler argues that the State's method for seeking a continuance in this case did not comply with the requirements of Neb. Rev.Stat. § 25-1148 (Reissue 1995). That section provides:
Whenever application for continuance or adjournment is made by a party or parties to any cause or proceeding pending in the district court of any county, such application shall be by written motion entitled in the cause or proceeding and setting forth the grounds upon which the application is made, which motion shall be supported by the affidavit or affidavits of person or persons competent to testify as witnesses under the laws of this state, in proof of and setting forth the facts upon which such continuance or adjournment is asked. After the filing of such application and the affidavits in support thereof, the adverse party shall have the right to file counter affidavits in the matter. Either party may, upon obtaining leave of the court, introduce oral testimony upon the hearing of such application. The court may, upon the hearing, in its discretion, grant or refuse such application, and no reversal of such cause or proceeding shall be had on account of the action of the court in granting or refusing such application except when there has been an abuse of a sound legal discretion by the court.
Neb.Rev.Stat. § 29-1206 (Reissue 1995) provides that motions for continuance in the criminal context shall be made in accordance with the above civil procedure statute. Shipler points out that the State's motion to continue was not supported by affidavits, thereby depriving Shipler of the opportunity to file affidavits in response. He also complains that the State introduced oral testimony at the hearing on the motion through the prosecutor's remarks but did not obtain leave to do so.
In State v. Roundtree, 11 Neb. App. 628, 658 N.W.2d 308 (2003), this court considered whether the oral, unsworn statements made by the prosecutor to the court in the presence of the defendant and his counsel was a satisfactory method to seek a continuance in order to obtain the *46 presence of three necessary witnesses at trial. No written motion for a continuance was filed. We acknowledged that oral or other informal statements are obviously a poor procedure when speedy trial rights are involved. Id. However, after analyzing cases from other jurisdictions, we concluded that it is not error for a trial court to grant a prosecutor an oral motion for a continuance under § 29-1207(4) even though the only showing is by the oral statements of the prosecutor when the defendant and his or her counsel are present and do not object on the record to the oral motion and showing, and where the facts as stated by the prosecutor would be sufficient if they had been contained in an affidavit or otherwise made under oath. State v. Roundtree, supra. The Roundtree court then proceeded to consider whether the facts in the record and in the prosecutor's statement were sufficient to satisfy the elements of § 29-1207(4)(c)(i).
In the instant case, the State did not include affidavits with its written motion, but Shipler did not specifically object to the State's showing at the hearing; rather, he objected to the continuance in general. Moreover, although the prosecutor did not formally seek leave to present oral testimony, such leave was impliedly given by the district court when the court itself elicited the prosecutor's testimony. In light of our holding in State v. Roundtree, supra, we conclude that the method by which the State sought a continuance, although not ideal, is not in itself a sufficient basis for finding error in the granting of the continuance. Accordingly, we will proceed to consider whether the facts in the record and the facts in the prosecutor's statement are sufficient to satisfy the elements of the relevant subsection of § 29-1207(4). In doing so, we will not consider any statements of the trial judge made at the hearing on the State's motion for continuance. See, State v. Baird, 259 Neb. 245, 609 N.W.2d 349 (2000) (holding that statements of judge could not be used to show good cause under § 29-1207(4)(f)); State v. Roundtree, supra (ignoring statements made by judge in appellate court's analysis of excludable time under § 29-1207(4)(c)(i)).
As to the relevant subsection of § 29-1207(4), Shipler argues that the correct subsection is § 29-1207(4)(c)(i) rather than § 29-1207(4)(f). We agree. Section 29-1207(4) provides that the following periods shall be excluded in computing the time for trial:
(c) The period of delay resulting from a continuance granted at the request of the prosecuting attorney, if:
(i) The continuance is granted because of the unavailability of evidence material to the [S]tate's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date; or
....
(f) Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause.
Although the State's motion requested a continuance "for good cause," the prosecutor and the court used the phrase "good cause" at the hearing on the State's motion, and the court's docket entry and order stated that it had granted the State a continuance for good cause shown, we take these references to "good cause" as references to the "good cause" requirement in § 29-1206 (in criminal cases, district court grants continuance only upon showing of good cause and only for so long as is necessary) rather than as a reference to § 29-1207(4)(f). Section 29-1207(4)(f) applies to "[o]ther periods of delay not specifically enumerated," while § 29-1207(4)(c)(i) *47 applies to periods of delay resulting from a continuance granted at the request of the prosecuting attorney, if "[t]he continuance is granted because of the unavailability of evidence material to the [S]tate's case." The State's motion alleged the unavailability of a witness, and at the hearing on the State's motion, the prosecutor indicated that this was a "key witness." Because the period of delay sought by the State's motion falls under the period "specifically enumerated" in § 29-1207(4)(c)(i), that section is the applicable section for purposes of our speedy trial analysis.
We next turn our attention to whether the facts in the record and the prosecutor's statement at the May 9, 2007, hearing were sufficient to satisfy the elements of § 29-1207(4)(c)(i). At the hearing, the prosecutor indicated that one of its key witnesses was out of state, in Washington, D.C., and was unavailable for trial. Upon questioning by the district court, the prosecutor indicated that the unavailable witness was an Investigator Martins, who had conducted an interrogation of Shipler together with an Investigator Teuscher, and that Shipler had confessed to both investigators. The prosecutor did nothing to explain why Martins' testimony was material in light of the confession to both Martins and Teuscher. Nor did the prosecutor make any showing that the State had exercised due diligence to obtain Martins' presence for the trial which had been scheduled for May 9 since March 9. The prosecutor gave no indication of why Martins was unavailable other than stating that he was in Washington, D.C., and gave no explanation of steps the State had taken to obtain Martins' presence on May 9. Finally, the record does nothing to provide reasonable grounds to believe that Martins would be available at the later date. The prosecutor did not indicate how long Martins was to be in Washington, D.C., or when he might be expected to return. In short, the State did not put forth evidence supporting these factors and failed to meet its burden at the hearing on the motion for discharge to demonstrate that the time attributable to its motion for continuance should be excluded from the speedy trial calculation. The burden of proof is upon the State to show that one or more of the excluded time periods under § 29-1207(4) is applicable when the defendant is not tried within 6 months. See State v. Sommer, 273 Neb. 587, 731 N.W.2d 566 (2007). Accordingly, the district court's finding that this period of delay is excludable was clearly erroneous.

Speedy Trial Calculation.
Section 29-1207 requires discharge of a defendant whose case has not been tried within 6 months after the filing of the information, unless the 6 months are extended by any period to be excluded in computing the time for trial. State v. Washington, 269 Neb. 728, 695 N.W.2d 438 (2005). To calculate the time for speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. State v. Sommer, supra.
Before calculating the time for speedy trial purposes, we note that the State argues that the record before us reflects that the speedy trial clock had not expired before Shipler filed his motion to discharge. The State alleges that according to docket notes, Shipler made a motion for discovery and review of videotapes at a pretrial hearing on July 25, 2006, and that the motion was never ruled upon, therefore resulting in 468 excludable days. However, a review of the docket notes, together with the State's objection to the motion to discharge and the court's order denying the *48 motion to discharge, make it clear that the court treated the July 25 motion for discovery and review of videotapes as a motion to continue the pretrial hearing, which motion was ruled upon on July 25, whereby the pretrial hearing was continued until August 23. Therefore, the record demonstrates that the matter was ruled upon and the State's argument in this regard is without merit.
The original information was filed on May 24, 2006. Excluding the day of the filing of the information, counting forward 6 calendar months and backing up 1 day, the last day that the State had to bring Shipler to trial was November 24.
The first excludable time period began the day after Shipler filed a motion to quash on June 9, 2006, which was ruled on by the district court on June 19, resulting in 10 excludable days. See State v. Feldhacker, 267 Neb. 145, 672 N.W.2d 627 (2004) (excludable period under § 29-1207(4)(a) commences on day immediately after filing of defendant's pretrial motion). There are 29 excludable days attributable to Shipler's motion to continue the pretrial hearing from July 25 to August 23 (counting from July 26, the day immediately following Shipler's motion, through August 23, the date of the rescheduled hearing). On August 23, Shipler filed a motion to suppress and a motion in limine, which motions were denied by the court on November 21. This resulted in a total of 90 excludable days (counting from August 24 through November 21).
On February 7, 2007, Shipler orally sought a continuance, and the trial date was continued to March 14. We note that Shipler filed a written motion to continue on February 9 and that in his own calculations, Shipler began calculating the time attributable to this continuance from February 10 rather than from February 8. We have excluded 35 days in connection with this continuance (counting from February 8 through March 14). An additional 56 days are excludable based on Shipler's motion to continue made on March 9 (counting from March 15, the day after the end of the previously excluded period, through May 9, the rescheduled trial date). Finally, there are 25 excludable days attributable to the motion in limine filed on July 2 by Shipler and ruled on by the court on July 27 (counting from July 3 through 27). Accordingly, there are a total of 245 excludable days.
Adding the 245 excludable days to November 24, 2006, brings us to July 27, 2007. Shipler filed his motion to discharge on speedy trial grounds on September 4. Accordingly, the district court was clearly erroneous in denying Shipler's motion for discharge.

CONCLUSION
The district court was clearly erroneous in finding that Shipler's statutory right to a speedy trial was not violated. We reverse the court's order denying Shipler's motion for absolute discharge and remand the matter to the court with directions to dismiss the information against Shipler.
REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.