757 N.W.2d 132 (2008)
17 Neb. App. 127
STATE of Nebraska, Appellee,
v.
David J. CRAVEN, Appellant.
No. A-07-1155.
Court of Appeals of Nebraska.
October 21, 2008.
*133 Christopher J. Lathrop, Omaha, for appellant.
Jon Bruning, Attorney General and Erin E. Leuenberger, Lincoln, for appellee.
INBODY, Chief Judge, and MOORE and CASSEL, Judges.
INBODY, Chief Judge.

INTRODUCTION
David J. Craven appeals the order of the Douglas County District Court denying his *134 motion to discharge, on the ground that his statutory right to a speedy trial was violated. Craven contends that the district court erred in finding that certain periods of time were excludable from the speedy trial calculation. This case also highlights some of the problems that can arise when courts do not compel parties to follow the statutes requiring motions to continue to be made by written motion and supported by an affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of the proceedings. See, Neb.Rev. Stat. § 25-1148 (Reissue 1995); Neb.Rev. Stat. § 29-1206 (Reissue 1995). For the reasons set forth herein, we affirm in part, reverse in part, and remand for further proceedings.

STATEMENT OF FACTS
On April 2, 2007, Craven was charged in Douglas County District Court with first degree sexual assault, in violation of Neb. Rev.Stat. § 28-319(1)(c) (Cum. Supp. 2006), a Class II felony. The charge was later amended to first degree sexual assault of a child, in violation of Neb.Rev. Stat. § 28-319.01 (Cum. Supp. 2006), a Class IB felony. On April 4, Craven filed a motion for mutual and reciprocal discovery, which was granted by the court on April 13.
On October 29, 2007, Craven filed a motion to discharge on the ground that his statutory right to a speedy trial was violated. A hearing was held on that same day, during which Craven's counsel, Lawrence Whelan, was allowed to withdraw, because he was going to be called as a witness at the hearing on the motion to discharge. The hearing on the motion to discharge then took place with Craven represented by new counsel. Three witnesses testified at the hearing: Michelle Lanouette, the judge's bailiff; Whelan, Craven's previous attorney; and Daniel Curnyn, a legal assistant in Whelan's law office. One exhibit was received at this hearing, a copy of the trial docket in this case, which set forth, in relevant part: On June 12, "[p]retrial conference continued on defendant's motion to 6/27/07 9:30 a.m."; on June 27, "[p]retrial conference continued on defendant's motion. Signed order re: audio/vide[o]tapes. Motions (if any) to be heard 8/3/07 9:00 a.m. Jury trial 10/29/07 9:00 a.m."; and on August 3, 2007, "[o]n defense counsel's motion, motions continued until trial date of 10/29/07 9:00 a.m."
Lanouette testified that a pretrial conference was scheduled for June 12, 2007, and that the conference was continued to June 27 on defendant's motion. Lanouette testified that on June 12, when neither Craven nor Whelan appeared, she called Whelan's office and spoke to a member of Whelan's office staff who indicated that Whelan was not available to be present at the hearing and requested that the hearing be continued.
According to Lanouette, the June 27, 2007, pretrial conference was continued on defendant's motion after Whelan again did not appear for the hearing. Lanouette testified that on June 27, she called Whelan's office, and that Whelan or his staff stated the defense might want to file pretrial motions, so the hearing date was set for August 3. Lanouette also testified that either Whelan or his staff asked to continue the pretrial conference. However, Lanouette testified that no motions were filed and that the defense did not appear at the August 3 hearing.
Lanouette testified that upon Whelan's failure to appear at the August 3, 2007, hearing, she and the prosecutor called Whelan's office and spoke to either Whelan or his staff, who requested that the hearing be canceled and continued until the date of trial should the defense file any *135 motions. Lanouette specifically testified that Whelan or his staff requested that the matter be continued on defense's motion.
Whelan testified that around April 8, 2007, he had been retained to represent Craven. Whelan admitted that he had received a notice of the pretrial conference scheduled for June 12. According to Whelan, he knew that he had a conflict with that date, because he and his wife had an out-of-state trip planned from June 10 through June 20, so he directed Curnyn to contact the court and the prosecutor to let them know that he was unavailable and to get the hearing date reset. Whelan acknowledges that the June 12 hearing was reset at his direction, that he gave his staff authority to reset the date, and that the individual who reset the date, Curnyn, works as his representative to the court at times. However, Whelan testified that he did not authorize a request for a continuance of the June 12 hearing, but merely authorized that the hearing be reset.
Regarding the June 27, 2007, hearing, Whelan testified that he did attend but arrived late for the hearing and that he knew the prosecutor had already left the courtroom, because he met her as he was getting off the elevator. According to Whelan, he took an order to Lanouette for the judge's signature and he and Lanouette had a conversation about continuing the pretrial conference. Whelan denied asking to continue or reset the pretrial conference. Whelan admits that he told Lanouette he might want to file some pretrial motions, but states that Lanouette said she would set the pretrial motion date for August 3 because trial was scheduled for October 29 and there was not sufficient time to have any more pretrial hearings. Whelan testified that the docket entry from June 27 stating the defendant made a motion to continue the pretrial is inaccurate. Whelan further stated that he did not have any contact with the court on or before August 3, but he could not recall whether he instructed his staff to notify the court that the August 3 hearing date was not necessary because the defense was not filing any pretrial motions. Whelan did not attend court on August 3.
Curnyn testified that he is employed as Whelan's legal assistant. He stated that he talked with Lanouette about needing a new date for the June 12, 2007, hearing because Whelan was going to be out of town. According to Curnyn, Lanouette asked when Whelan was going to get back and the hearing was set for June 27 based on the judge's schedule and Whelan's schedule. Curnyn denied asking to continue the pretrial conference; he stated that he asked to have it "reset" or "changed." Curnyn further testified that on August 3, at Whelan's direction, he informed the court that Whelan would not be filing any pretrial motions on Craven's behalf and would not need the motion date. Curnyn did not ask to continue the motion date at that time and did not indicate to the court that Whelan might be filing motions at some later date.
In overruling Craven's motion for discharge, the district court specifically stated:
The Court accords to a docket entry, which is an order of the Court, a presumption of regularity.
The Court determines that the time period from April 4th to April 13 is excludable time. The time between June 12th and June 27th is excludable time. The time between June 27th and August 3rd is excludable time. And the time between August 3rd and today's date is excludable time.
Craven has timely appealed to this court.

ASSIGNMENT OF ERROR
On appeal, Craven's assigned errors can be consolidated into the following issue: *136 The district court erred in denying his motion to discharge.

STANDARD OF REVIEW
[1] As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. State v. Sommer, 273 Neb. 587, 731 N.W.2d 566 (2007); State v. Vasquez, 16 Neb.App. 406, 744 N.W.2d 500 (2008).

ANALYSIS
[2] Craven contends that the district court erred in denying his motion to discharge based upon a violation of his statutory right to a speedy trial. He contends that the court erred in finding that certain periods of time were excludable from the speedy trial calculation.
[3-5] Neb.Rev.Stat. § 29-1207 (Reissue 1995) requires that a defendant be tried within 6 months after the filing of the information, unless the 6 months are extended by any period to be excluded in computing the time for trial. State v. Sommer, supra; State v. Vasquez, supra. If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he or she shall be entitled to an absolute discharge from the offense charged. State v. Sommer, supra; State v. Vasquez, supra. To calculate the time for speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. State v. Sommer, supra; State v. Vasquez, supra.
[6] To overcome a defendant's motion for discharge on speedy trial grounds, the State must prove the existence of an excludable period by a preponderance of the evidence. State v. Sommer, supra. As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. Id. Moreover, in Nebraska, the controlling rule is that in appellate proceedings, unless there is proof to the contrary, the journal entry in a duly authenticated record of the trial court imports absolute verity. State v. Deckard, 272 Neb. 410, 722 N.W.2d 55 (2006).
In the instant case, with respect to each such time period, the district court generally found the time to be excludable regarding a presumption of regularity to its own docket entries. Thus, the issue presented to this court is whether the district court was clearly erroneous in according the presumption of regularity to the docket entries relating to each of the contested periods.
Since the information was filed in the district court on April 2, 2007, absent any excludable calculations, the last day to bring Craven to trial was October 2. However, there are four periods of time which the district court found to be excludable in calculating Craven's statutory right to a speedy trial: (1) April 4 to 13  the time from the filing of Craven's motion for discovery to the court's ruling thereon, (2) June 12 to 27the date of the first scheduled pretrial hearing to the date of the rescheduled pretrial hearing, (3) June 27 to August 3the date of the rescheduled pretrial hearing to the date set for the handling of pretrial motions, and (4) August 3 to October 29the date set for trial and the date that Craven filed his motion for discharge. We address each of the time periods in turn.

*137 April 4 to 13, 2007.

The first potentially excludable time period is from April 4 to 13, 2007. Craven filed a motion for discovery on April 4, which motion was granted by the district court on April 13. Thus, Craven's motion for discovery was pending for a total of 9 days. Craven admits that this time is excludable. See, § 29-1207(4)(a) (time from filing until final disposition of pretrial motions of defendant is excludable); State v. Washington, 269 Neb. 728, 695 N.W.2d 438 (2005) (motion for discovery filed by defendant is pretrial motion, and time period during which it is pending should be excluded for speedy trial calculation purposes). Thus, the 9 days that Craven's discovery motion was pending must be excluded from the speedy trial calculation in this case.

June 12 to 27, 2007.
The next time period at issue is the rescheduling of the pretrial conference from June 12 to June 27, 2007. The district court found that the presumption of regularity of the June 12 docket entry, setting forth "[p]retrial conference continued on defendant's motion to 6/27/07 [at] 9:30 a.m.," had not been rebutted and that the time period from June 12 to 27 was excludable from the speedy trial calculation.
[7] Section 29-1207(4)(b) provides that a period of delay resulting from a continuance granted at the request or with the consent of the defendant or the defendant's counsel shall be excluded in computing the time for speedy trial. However, Craven contends that because Curnyn and Whelan requested that the hearing be "reset" or "changed" rather than "continued," the time period from June 12 to 27 should not be excluded for the purposes of speedy trial calculation. We disagree.
The terminology chosen by the defendant or defense counsel does not dictate whether or not a delay resulting from a continuance is excludable for the purposes of speedy trial calculation. Basically, if it looks like a continuance and sounds like a continuance, it is a continuance, and if it is made at the defendant's request or with the defendant's consent, it is excludable for the purposes of speedy trial calculation. Regardless of the terminology chosen by defense counsel, the result is the same. If we were to accept Craven's argument that exclusion for speedy trial purposes depends upon the verbiage chosen by defense counsel, this would allow manipulation of the system and would lead to absurd results. However, we still must consider whether the particular request in this case was made at the request of Craven's counsel.
As we previously noted, the June 12, 2007, docket entry set forth "[p]retrial conference continued on defendant's motion to 6/27/07 [at] 9:30 a.m." Further, the evidence unmistakably shows that Curnyn, Whelan's legal assistant, talked to Lanouette about resetting the June 12 pretrial hearing because Whelan was unavailable on the June 12 date, as he was out of state at the time. This constitutes an oral request for a continuance. However, Neb.Rev.Stat. § 7-101 (Reissue 2007) prohibits any person from practicing as an attorney or counselor at law in any action or proceeding to which he or she is not a party, in any court of record of this state, unless he or she has been previously admitted to the bar by order of the Nebraska Supreme Court. Section 7-101 further proclaims, "It is hereby made the duty of the judges of such courts to enforce this prohibition." See, also, Neb. Ct. R. §§ 3-1001 to 3-1005 (defining "practice of law," prohibiting unauthorized practice of law, and specifying exceptions). It has long been held that such actions taken by nonbar *138 members are a nullity. See Niklaus v. Abel Construction Co., 164 Neb. 842, 83 N.W.2d 904 (1957) (proceedings in suit by person not entitled to practice are nullity).
Although this court is aware that there are some instances where the general rule that the motion made by a nonlawyer constitutes a nullity does not apply, see In re Estate of Cooper, 275 Neb. 297, 746 N.W.2d 653 (2008) (filing of statement of claim in probate proceeding does not constitute practice of law). § 29-1207(4)(b) clearly requires the request for or consent to a continuance to be made by the defendant or the defendant's counsel. In a slightly different context, in State v. Roundtree, 11 Neb.App. 628, 637, 658 N.W.2d 308, 316 (2003), this court observed that "[o]ral or other informal statements are obviously a poor procedure when speedy trial rights are involved." Clearly, if the motion had been made in writing, Curnyn could not have signed the pleading. See Neb. Ct. R. Pldg. § 6-1111(a)(1) (every pleading, written motion, and other paper shall be signed by at least one attorney of record in attorney's individual name or, if party is not represented by attorney, shall be signed by party). Similarly, the notion that Curnyn would have been permitted to appear in court and make an oral motion is untenable. The prohibition does not disappear merely because the action occurs by telephone.
[8] Since the evidence unmistakably shows that Curnyn, a legal assistant employed by Craven's then counsel of record, and not Craven's counsel, made the oral request for continuance, the request was a nullity and cannot form the basis for a period of exclusion under § 29-1207(4)(b). This is so, even though Whelan admits that he gave Curnyn the authority to reset the hearing and that it was done at Whelan's direction. When a nonlawyer makes a motion for continuance made on behalf of a defendant in a criminal case, such motion constitutes a nullity and cannot form the basis for an exclusion from the speedy trial calculation under § 29-1207(4)(b). Thus, neither Craven nor his attorney requested a continuance of the June 12, 2007, hearing, the district court erred in affording the presumption of regularity of the June 12 docket entry, and the 15 days from June 12 to 27 are not excludable for the purposes of the speedy trial calculation.

June 27 to August 3, 2007.
The third potentially excludable time period is from June 27 to August 3, 2007, which was the date of the hearing for Craven's pretrial motions. The district court found that the presumption of regularity of the June 27 docket entry, setting forth "[p]retrial conference continued on defendant's motion," had not been rebutted and that the time period from June 27 to August 3 was excludable from the speedy trial calculation.
Lanouette's testimony supported the journal entry, in that, on June 27, 2007, either Whelan or his staff stated that the defense might want to file pretrial motions, so the hearing date was set for August 3. Whelan admitted that he appeared in the judge's chambers and engaged in a discussion with Lanouette about continuing the pretrial conference. In this instance, the evidence permits (but certainly does not compel) the conclusion that Whelan made an oral request for a continuance. Therefore, the district court did not clearly err in determining that the 37 days between June 27 and August 3 are attributable to Craven as periods of delay resulting from proceedings related to pretrial motions pursuant to § 29-1207(4)(a).

August 3 to October 29, 2007.
The fourth potentially excludable time period is from August 3 to October 29, 2007. The district court found that the *139 presumption of regularity of the August 3 docket entry, setting forth "[o]n defense counsel's motion, motions continued until trial date of 10/29/07 [at] 9:00 a.m.," had not been rebutted and that this time period was excludable from the speedy trial calculation.
Lanouette testified that upon Whelan's failure to appear at the August 3, 2007, hearing, she and the prosecutor called Whelan's office and spoke to either Whelan or his staff, who requested that the hearing be canceled and continued until the date of trial should the defense file any motions. Whelan testified that he did not have any contact with the court on August 3. Curnyn testified that at Whelan's direction, on August 3, he made a call to the judge's bailiff to inform the court that no pretrial motions would be filed on Craven's behalf and that the motion date would not be needed.
This evidence clearly establishes that Whelan did not make a motion for continuance of the August 3, 2007, hearing and that if such a motion was made, it was made by a nonlawyer and constitutes a nullity. Therefore, the district court's contrary factual finding was clearly erroneous and the time period from August 3 to October 29 is not excludable for the purposes of the speedy trial calculation.

CONCLUSION
In sum, although we found that two of the time periods were not excludable in the speedy trial calculation, the two remaining time periods had excludable periods totaling 46 days, which extended that last date upon which Craven's trial could be started beyond October 29, 2007, which was the date he filed his motion to dismiss on speedy trial grounds. Thus, the district court's denial of Craven's motion to discharge based upon the alleged violation of his statutory right to a speedy trial was not clearly erroneous. However, by our calculations, there remain only 19 days to timely commence Craven's trial upon remand. Therefore, the district court's order is affirmed in part and reversed in part, and the matter is remanded for further proceedings.
AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.